CHARLES KOIVUN, Plaintiff-Appellant, *v.* JOY KOIVUN, Defendant-Appellee.

Third District   No. 75-160

Opinion filed January 11, 1977.

Winstein, Kavensky, Wallace & Doughty, of Rock Island (Franklin Wallace, of counsel), for appellant.

Katz, McAndrews, Durkee & Telleen, of Rock Island (Isador I. Katz, of counsel), for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

The plaintiff-appellant, Dr. Charles Koivun, appeals from a denial of his post-decree petition to modify his divorce decree. There was a history of the parties living apart for some time and an attempted reconciliation and then the plaintiff was finally divorced from Joy Koivun on November 21, 1972. The divorce decree and the parties' stipulation incorporated therein provided that the plaintiff pay child support for the five children of the marriage of $300 per week with defendant obtaining custody. Plaintiff was further required to pay all medical, dental and hospital expenses for the children. The divorce decree provided an alimony provision which states:

> "That the plaintiff herein shall pay to the defendant the sum of One Hundred Sixty Thousand and 72/100 Dollars ($160,000.72) as alimony in gross, payable in one hundred twenty-one (121) monthly installments of One Thousand Three Hundred Twenty-two and 32/100 Dollars ($1,322.32), the first of which shall be paid one month following the entry of a decree of divorce herein; such obligation for alimony in gross to be binding upon the heirs, administrators, and executors and assigns of the plaintiff."

The petition to modify alleged that plaintiff's income had decreased since the divorce, and that defendant was now employed, and sought to decrease both the amount of alimony and child support he was paying by

the original decree. The trial court heard evidence and denied the relief sought and further awarded $750 attorney fees to defendant.

Plaintiff raises two issues for review: (1) Whether the trial court correctly denied plaintiff's petition to modify under the evidence presented, and (2) whether defendant was properly awarded attorney fees.

Review of the trial court's denial of the plaintiff's petition to modify requires a discussion of the evidence presented. Plaintiff is a physician actively practicing his profession both at the time of the divorce and at the time of the hearing on the petition. Plaintiff's Federal income tax returns show his adjusted gross income for the years in question to be:

| | | |
|------|-----------------------|-------------------------|
| 1971 | $31,524.29 | (partnership practice) |
| 1972 | 62,179.00 | (sole practitioner) |
| 1973 | 60,179.00 | (sole practitioner) |
| 1974 | 55,240.89 (estimated) | (sole practitioner) |

Plaintiff's gross income from his practice of medicine for the years in question was:

| | |
|------|----------------------|
| 1971 | not furnished |
| 1972 | $104,261.00 |
| 1973 | 103,166.60 |
| 1974 | 101,552.00 (estimated) |

The evidence showed that defendant had become gainfully employed part-time in addition to caring for the children. Defendant testified that her net take-home pay for this part-time job was approximately $40 per week and was necessitated by plaintiff's failure to make timely alimony payments. A rule to show cause why plaintiff should not be held in contempt of court for his failure to pay the alimony was also before the trial court at the hearing on the petition to modify the decree. Since the divorce the plaintiff had remarried and purchased a new home for $83,000. In compliance with the divorce decree plaintiff conveyed his interest in the parties' marital residence to defendant. Mrs. Koivun was current in her monthly installments of $243 to discharge the debt of $24,000 to plaintiff for his interest in the marital residence.

■■■ Initially we must comment upon plaintiff's attempt to reduce the amount of alimony payments he was required to make. Upon a review of the divorce decree it is apparent that the alimony provided for is alimony in gross payable in installments over a fixed period of years and is binding upon Dr. Koivun's heirs. The alimony here is a part of the lump sum property settlement between the parties and very much different

than periodic alimony which is payable indefinitely until defendant dies or remarries. The lump sum alimony in the instant case was closely connected with the court ordered conveyance of plaintiff's interest in the marital residence for the sum of $24,000 and the distribution of the personal property between the parties. By the terms of the divorce decree both plaintiff and defendant were forever barred from asserting any further claim of any kind against the other, arising out of the marriage. We view the lump sum alimony payable in installments as a money settlement, in lieu of periodic alimony, which can not subsequently be modified by court order. (Ill. Rev. Stat. 1971, ch. 40, par. 19.) There is a valid distinction between periodic alimony and alimony in gross with the former being subject to modification and the latter being nonmodifiable in the absence of fraud or want of jurisdiction in the trial court. (*Roberts v. Roberts* (1967), 90 Ill. App. 2d 184, 234 N.E.2d 372; *Overton v. Overton* (1972), 6 Ill. App. 3d 1086, 287 N.E.2d 47.) We find plaintiff's claim that he purchased the divorce and stipulated to the amount of alimony in gross in order to prevent defendant from contesting the divorce, is without merit. In modern society divorce has become a luxury, but the bargained for purchase price must nevertheless be paid when it is sanctioned by court approval and entered of record in the divorce decree. Here defendant agreed to forego receiving periodic alimony for an indefinite period of time and agreed to a certain lump sum settlement paid in installments. It is the policy of the courts to enforce property settlement agreements between parties to a divorce action. (*Roberts v. Roberts* (1967), 90 Ill. App. 2d 184, 234 N.E.2d 372.) We see no reason to rescind this aspect of the stipulation or decree where no fraud has been pleaded or proven by plaintiff.

■■ Plaintiff further claims that a change of circumstances occurred which entitle him to a reduction in child support payments. A review of the evidence causes us to disagree. The evidence failed to demonstrate a significant change of circumstances sufficient to allow plaintiff any relief. "The cases uniformly hold, however, that before a modification will be allowed it must be shown that the circumstances and conditions of the parties have changed materially since the entry of the original decree." (*Lacey v. Lacey* (1974), 24 Ill. App. 3d 776, 779, 321 N.E.2d 524, 527.) The changed circumstances which permit a modification of child support in a divorce decree relate to the needs of the minor children involved and the financial circumstances of the parties. (*Lewis v. Lewis* (1970), 120 Ill. App. 2d 263, 256 N.E.2d 660.) The findings of the trial court will not be reversed on appeal unless the level of child support is contrary to that dictated by the manifest weight of the evidence. (*Thomas v. Thomas* (1974), 23 Ill. App. 3d 936, 321 N.E.2d 159; *Kelleher v. Kelleher* (1966), 67

Ill. App. 2d 410, 214 N.E.2d 139.) We believe the trial court's denial of this plaintiff's petition to modify is supported by the evidence.

■■ Plaintiff finally argues that the trial court erred in awarding defendant attorney fees. The hearing, here, in part was in connection with a rule to show cause against plaintiff for alimony arrearage. It is abundantly clear that a party is entitled, in appropriate circumstances, to fees in order to enforce rights under a divorce decree. (*Gregory v. Gregory* (1964), 52 Ill. App. 2d 262, 202 N.E.2d 139.) The awarding of attorney fees was discretionary with the trial court and depended upon defendant's inability to pay and plaintiff's corresponding ability to pay. We believe the trial court did not abuse its discretion in granting defendant's attorney $750 in fees under the facts of this case based upon the court's own experience and statements of counsel. *Kijowski v. Kijowski* (1962), 36 Ill. App. 2d 94, 183 N.E.2d 583.

For the reasons stated the judgment of the Circuit Court of Rock Island County is affirmed.

Judgment affirmed.

ALLOY, P. J., and STOUDER, J., concur.