*In re* MARRIAGE OF JOAN M. GENTILE *et al.*—(JOAN M. GENTILE, Petitioner-Appellant, *v.* FRANK J. GENTILE, Respondent-Appellee.)

Third District   No. 78-107

Opinion filed March 22, 1979.

Edward C. Moehle and William L. Kasley, both of Moehle, Reardon, Smith and Day, Ltd., of Pekin, for appellant.

James D. Reynolds and Brian M. Nemenoff, both of Peoria, for appellee.

Mr. PRESIDING JUSTICE BARRY delivered the opinion of the court:

This appeal concerns a post-divorce decree proceeding between petitioner Joan M. Gentile, the wife, and the respondent husband, Frank J. Gentile. Following a hearing in the Circuit Court of Tazewell County on a rule to show cause, petitioner's petition to modify the divorce decree, and respondent's petition to modify the divorce decree and for a moratorium on child-support payments, the trial court entered orders adverse to the petitioner wife's demands and in favor of the respondent husband's demands, while awarding petitioner a judgment for child-support arrearage.

To fully understand the precise nature of the controversy before the trial court and now before this court on appeal a chronological narration of the significant events leading up to the divorce and subsequent thereto will be related.

The petitioner, Joan M. Gentile, filed a complaint for divorce in the Circuit Court of Tazewell County. The respondent, Frank J. Gentile, was personally served with a summons and a copy of the complaint while present in Tazewell County. He thereafter removed himself from the United States and has since resided in Spain. Several notices were subsequently sent to the respondent at an incomplete address in Spain, and the respondent claimed he received no further notice of the proceedings. Mr. Gentile failed to appear or present a defense and a default divorce decree was entered July 6, 1973. The decree provided for the child custody to be placed in the petitioner and for support of the children by the respondent and a detailed disposition of the property of both the petitioner and the respondent. Of importance to this appeal are the findings of fact of the trial court in the decree:

"11. That Defendant is an able-bodied man and is well able to

furnish suitable and sufficient support for Plaintiff and the parties' minor children, counsel fees and costs; that the Defendant has not contributed towards the support of the Plaintiff and the parties' minor children, except as by an order assigning an interest in a second mortgage payment, said order being entered on June 23, 1972; that the Defendant has not paid to the Plaintiff the sum of $250.00 as attorneys fees and costs pendente lite as ordered by this Court on June 23, 1972.

12. That the Plaintiff by reason of the lack of financial resources and the failure of the Defendant to provide for her and the parties' minor children has been gainfully employed for more than one year last past and the employment income of the Plaintiff has been the substantial support of the Plaintiff and the parties' minor children; that the Plaintiff did not have steady employment for 13 years prior to 1972, devoting her time to her household duties and responsibilities as wife and mother.

\* \* \*

27. That the Defendant, FRANK J. GENTILE, has shown himself to be unworthy of trust and further has wilfully refused to comply with the orders of this Court to pay temporary support for the parties' minor children."

The decree of divorce further provided for the respondent husband to pay child support for the three minor children in the amount of $100 per week. To secure the payment of child support and aid in enforcing said payments the trial court ordered Frank J. Gentile to assign his interest in a Florida land trust, hereinafter referred to as Plantation Trust No. 4, to the Herget National Bank of Pekin, Illinois, as trustee for a children's trust. The trial court also enjoined the respondent from assigning, transferring, conveying, disposing and destroying any real or personal property except in obedience of the decree of divorce. Within 30 days after the entry of the divorce decree the respondent appeared, through his attorney, and filed a motion to vacate the divorce decree. The motion urged that Joan Gentile had not established adequate residency in Tazewell County and therefore the trial court lacked jurisdiction. The motion to vacate was denied and the respondent husband did not appeal from the denial.

Thereafter the respondent did not make any of the required child support payments, with a resulting arrearage of $21,400.00 existing at the time of the hearing appealed from. The respondent also failed to comply with the transfer of his interest in Plantation Trust No. 4 as security for the child support. The petitioner wife filed a petition for rule to show cause why the respondent should not be held in contempt for failure to meet the child support payments and comply with the mandatory requirements of the property disposition aspects of the divorce decree in numerous

respects. At the same hearing appealed from the petitioner also requested, in a petition to modify the divorce decree, for a continuation of the child-support payments for one of the children who had reached age 18, but was attending college, and a general increase in child-support payments. The respondent countered with his own petition to modify the divorce decree and for a moratorium on the child-support payments. Joan Gentile also sought a judgment for the accumulated child-support arrearage.

Following a hearing on the various matters before the trial court, the petitioner received her judgment for the $21,400 child support arrearage, but the trial court refused to hold the respondent in contempt of court, terminated the child-support payments for the respondent until such a time as he is demonstrated able to contribute financially to the support of his children, and released the lien of trust on the husband's interest in Plantation Trust No. 4. The petitioner, Joan M. Gentile, thereafter appealed from the trial court's ruling.

On review the petitioner has presented the following issues:

1. Whether the court erred in terminating the child support obligation of the respondent.

2. Whether the court erred in releasing to respondent all of his interest in a land trust when the original decree for divorce ordered respondent to assign said interest to a children's trust to secure and enforce payment of support.

■■ ■ We believe that the facts of this case present an additional preliminary issue of whether the trial court has the power to impose a lien of trust upon the property of the noncustodial parent to secure and guarantee the enforcement of court-ordered child support. At the time of the divorce decree the applicable statutory law provided:

"When a divorce is decreed, the court may make such order touching the alimony and maintenance of the wife or husband, the care, custody and support of the children, or any of them as, from the circumstances of the parties and the nature of the case, shall be fit, reasonable and just and, in all cases, including default cases, the court shall make inquiry with respect to the children of the parties, if any, and shall make such order touching the care, custody, support and education of the minor children of the parties or any of them, as shall be deemed proper and for the benefit of the children * * *." (Ill. Rev. Stat. 1973, ch. 40, par. 19.)

A reading of the language of the statute compels the conclusion that the trial court has broad power to provide for and secure support for minor children. The power of the equity court in a divorce decree situation to assure the payment of support for the children of the divorced parties must necessarily be implied from the language of the statute granting the

trial court the broad general power to make such orders affecting child support as are fit, reasonable, and just in all cases. Similar results have been reached in other jurisdictions construing a statutory grant of authority to the divorce court to secure payments of alimony and child support by the establishment of a court ordered trust. See Annot., *Court's Establishment of Trust to Secure Alimony or Child Support in Divorce Proceedings*, 3 A.L.R.3d 1170 (1965).

■■ Having reached the conclusion that the trial court, here, had the inherent power to place a lien of trust upon the respondent husband's property as security for the child support payments, we will now determine whether such action, and the remainder of the judgment order appealed from, were appropriate and free from error. The hearing on the petitions to modify the decree by both parties to this action occurred after the effective date of the Marriage and Dissolution of Marriage Act, which provides with regard to modification of support and maintenance:

> "Except as otherwise provided in paragraph (f) of Section 502, the provisions of any judgment respecting maintenance or support may be modified only as to installments accruing subsequent to the filing of the motion for modification with due notice by the moving party and only upon a showing of a substantial change in circumstances. The provisions as to property disposition may not be revoked or modified, unless the court finds the existence of conditions that justify the reopening of a judgment under the laws of this State." (Ill. Rev. Stat. 1977, ch. 40 par. 510a.)

The above-quoted statutory declaration expressly grants the trial court the power to modify judgments as to child support. We believe the Illinois Marriage and Dissolution Act, which became effective before the judgment appealed from was granted, applies to this case. (*West v. West* (4th Dist. 1978), 62 Ill. App. 3d 963, 379 N.E.2d 930.) We announced the standard to be applied to such circumstances in the case of *Kelleher v. Kelleher* (3d Dist. 1966), 67 Ill. App. 2d 410, 214 N.E.2d 139. In the 1977 term of this court we announced a shift in focus from the rigid language of the *Kelleher* case in the case of *Swanson v. Swanson* (3d Dist. 1977), 51 Ill. App. 3d 999, 1000, 367 N.E.2d 512, 513, where we stated, "child support is to be determined by accomodating the needs of the children with the available means of the parties." It is incumbent upon the trial court to consider both the needs of the children and the ability of the former spouses to pay. More recently in *In re Sharp* (3d Dist. 1978), 65 Ill. App. 3d 945, we stated that the child-support payments must necessarily reflect a balance of the intensity of the child's needs with the ability of the parents to provide for that need. In order to justify a decrease in child-support payments the moving party is required to show a significant material change in circumstances and conditions of the divorced parents

since the entry of the original divorce decree. (*Koivun v. Koivun* (3d Dist. 1977), 45 Ill. App. 3d 39, 359 N.E.2d 215.) Further the findings of the trial court as to the evidence of a material change in the circumstances of the parties since the original divorce decree should be reversed only if they are contrary to the manifest weight of the evidence. We believe a reversal is necessary in this case.

■■ ■ This trial court heard extensive testimony by the respondent husband, over the appellant's objection, attacking the terms and provisions of the original divorce decree. The respondent claimed the terms of the divorce decree, which was entered upon his default, were unjust and unfair. The court in a written order concurred in the respondent's argument in giving consideration to this testimony, going beyond the terms of the original divorce decree, when finding that equity and good conscience required a modification of the divorce decree. The evidence of the respondent as to the conditions of the parties prior to the divorce decree, upon which the trial court relied, clearly should not have been considered. The proper issue before the trial court was whether the circumstances of the parties and the children had materially changed since the divorce decree. The evidence presented indicated that no change whatsoever occurred, except that the respondent is now enrolled in school. Only if these circumstances had changed since the time of the original decree would a modification of the child support be proper. The original decree awarding child support payments is res judicata so long as there is no change in the circumstances underlying the decree. (*In re Sharp* (3d Dist. 1978), 65 Ill. App. 3d 945, 382 N.E.2d 1279. The trial court had personal jurisdiction of the defendant through proper service upon him in Tazewell County, Illinois. He voluntarily chose to remove himself from this jurisdiction which made further notice to him of the divorce proceedings difficult. The appellant attempted to give notice of the subsequent proceedings to the best of her ability. The respondent, although defaulted, appeared within 30 days of the divorce decree and filed a motion to vacate the decree on the grounds of his wife's lack of residency in Tazewell County. He did not attack the lack of notice or the inequity of the result of the divorce decree in his motion to vacate. When the trial court denied his motion he elected to not appeal that denial with the result that the divorce decree and the findings of fact contained therein became final and binding upon him. Not only has the respondent waived the arguments he now makes with regard to the equity and fairness of the divorce decree by failing to include them in his prior motion to vacate or to appeal from the denial of that motion, but the well-settled principle of res judicata is a bar to his relitigation of those issues now. Accordingly we believe the trial court erred in going beyond the

findings of the original decree to support a modification of the divorce decree.

The record discloses that the financial status of the respondent, Frank J. Gentile, has not changed since the divorce decree. He was disabled and unable to work at his chosen profession due to illness at the time of the divorce and was not then gainfully employed and has not since been gainfully employed. He is still residing in Spain, now attending school, and has since acquired a house in Spain. His testimony that he accomplishes all of this on a $38-per-month government disability benefit is unconvincing. The paramount concern in child-support litigation is the support of the minor children. The respondent has not demonstrated that he is destitute or that his physical condition is such that he is permanently physically disabled from any gainful employment. His actual conduct and the activities in which he is engaged speak for themselves. He has not contributed to the support of his children since the divorce but has managed to engage in numerous activities while ignoring his support obligations, which we consider to be his primary obligation. No substantial change of circumstances, his included, was demonstrated to warrant a modification of the divorce decree creating a moratorium on his support payments.

The respondent was found to be unworthy of trust by the trial court in the original decree because of his wilful refusal to comply with the orders of the trial court to pay temporary child support. He has remained untrustworthy since the divorce decree by refusing to make any support payments since the divorce and by removing himself from the jurisdiction of the trial court to make enforcement of the various court orders relating to the transfer of various marital property of the parties a practical impossibility. The reason for ordering the respondent's chief asset, his fractional interest in Plantation Trust No. 4, to be placed in trust as security for the future payment of the court-ordered child support was because of the respondent's demonstrated untrustworthiness and to insure continued payment of child support from the respondent's assets in the event of the respondent's refusal to do so. From the advantage of hindsight the original trial court's fear of nonpayment was indeed well-founded. Nothing in the record persuades us that the respondent, Frank J. Gentile, would not continue to refuse to make support payments or would not again remove himself from the trial court's jurisdiction to enforce the support orders. The need of the children for financial support from the respondent has continued since the original decree of divorce.

We find no change of circumstances to warrant the trial court's abatement of support payments or the removal of the lien of trust and injunction from Mr. Gentile's interest in Plantation Trust No. 4. In cases

where the husband has suffered financial or physical set-backs, the courts have recognized a change in circumstances sufficient to partially relieve the husband from his support payments. Nevertheless, the cases still require the noncustodial parent to pay support within his means. (See *Graham v. Graham* (4th Dist. 1974), 21 Ill. App. 3d 1032, 316 N.E.2d 143.) The decision of the trial court in this case is contrary to the manifest weight of the evidence. See *Dixon v. Dixon* (1st Dist. 1977), 45 Ill. App. 3d 934, 360 N.E.2d 486.

Accordingly the judgment terminating the respondent's support obligation, setting aside the "lien of trust" from respondent's interest in Plantation Trust No. 4, and removing the obligations of the injunction prohibiting him from conveying, transferring or assigning his interest in that property is reversed. The provisions of the original divorce decree, to the extent that they conflict with the judgment of the trial court appealed from, are reinstated.

We find no error in that portion of the order of the trial court of October 20, 1977, entering judgment for the amount of child-support arrearage in favor of Joan M. Gentile and against Frank J. Gentile, and it is accordingly affirmed.

Judgment affirmed in part, reversed in part and prior decree reinstated.

STENGEL and STOUDER, JJ., concur.