CHARLOTTE F. ROQUEPLOT, a/k/a Charlotte Acosta, Plaintiff-Appellee, *v.* RONALD G. ROQUEPLOT, Defendant-Appellant.

Second District    No. 79-744

Opinion filed September 4, 1980.

Sachnoff, Schrager, Jones, Weaver & Rubenstein, Ltd., of Chicago (Dean A. Dickie and Fay Clayton, of counsel), for appellant.

No brief filed for appellee.

Mr. JUSTICE UNVERZAGT delivered the opinion of the court:

Defendant appeals from the August 28, 1979, order denying his petition to vacate and set aside or in the alternative to modify and amend a decree of divorce entered November 2, 1973; denying his motion to dismiss the plaintiff's petition for child-support arrearage as being based on an invalid decree; and ordering him to pay child-support arrearage to the plaintiff in the amount of $3,100 and fees to the plaintiff's attorney in the amount of $1,200.

Despite the failure of the appellee to file a brief in defense of this appeal, we recognize the principle that a considered judgment of the trial court should not be set aside without at least some consideration of the merits of the appeal. (*First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128.) Accordingly, we have given consideration to the merits of this appeal.

To begin, we wish to address defendant's contention that the divorce decree which incorporated a property settlement agreement specifying the amount of child support to be $225 per month was invalid and should be vacated and set aside. This contention is based on defendant's assertion that the decree was entered in violation of his rights under the Soldiers' and Sailors' Civil Relief Act of 1940, section 1 *et seq.* (50 U.S.C. App. §501 *et seq.* (1976)). First, we note that after the decree was entered in 1973, plaintiff and defendant each married other persons, and

it is well established that a party who remarried in reliance on the validity of the divorce decree is estopped from moving that the decree be vacated. (*Martin v. Martin* (1978), 57 Ill. App. 3d 486.) Second, we note that the purpose of the Act is to protect persons in the military from having default judgments entered against them without their knowledge; it does not prevent the entry of such a judgment when there has been notice of the pendency of the action and adequate time and opportunity to appear and defend. *Burgess v. Burgess* (1962), 234 N.Y.S.2d 87.

In the instant case, plaintiff filed a complaint for divorce on August 7, 1973. On September 25, 1973, the defendant signed the property settlement agreement which was ultimately incorporated into the divorce decree and which, *inter alia*, provided he pay child support of $75 per month for each of their three children. The defendant filed a *pro se* verified answer on October 15, 1973, denying the conduct alleged in the complaint as to the plaintiff and as to the grounds for divorce, seeking dismissal of the complaint and praying that costs be taxed to the plaintiff. At the hearing on October 23, 1973, the defendant was not present; plaintiff testified the defendant was in the Air Force and was stationed in California. The court noted the defendant had filed an answer, had been notified of the hearing date and time, and had been supplied with a copy of the proposed decree. The court stated that it would not be necessary to enter an order of default since an answer had been filed. The decree was subsequently signed by the judge on November 2, 1973. The defendant began making support payments in December of 1973, and continued to do so until about July of 1976, when he filed two petitions, one for an accounting and the other seeking to vacate and set aside or in the alternative to modify and amend the divorce decree. The court temporarily reduced child support payments to $150 per month for the period the defendant served in the military in the Philippines. Following his return, the petition for accounting was subsequently denied on March 28, 1979, during the proceedings regarding the defendant's remaining petition, the plaintiff's August 4, 1978, petition for arrearage, and defendant's motion to dismiss same as being based on an invalid decree.

■■■ It has been held that any action taken by a litigant which recognizes a matter as being before the court amounts to a general appearance unless such action was taken solely for the purpose of objecting to jurisdiction. (*Donoghue v. Kohlmeyer & Co.* (1978), 63 Ill. App. 3d 979.) Although the defendant chose to stand mute in the proceedings on the merits of the cause, he did file an answer and sought to have costs assessed against the plaintiff. As a result, he must be held to have appeared generally in those proceedings. (*Loss v. Loss* (1967), 80 Ill. App. 2d 376.) We cannot conclude that the trial court abused its discretion by not finding that defendant's ability to defend the cause was materially affected by

reason of his military service and *sua sponte* ordering a stay of proceedings. (50 U.S.C. App. §521 (1976).) Further, we observe that the defendant was not diligent in presenting his petition for relief from judgment to the court since more than 2½ years had elapsed before he filed it.

■■ Next, we proceed to consider the merits of the defendant's appeal from the court's order denying a modification of the support provisions of the decree. Because the instant petition was pending on October 1, 1977, the provisions of the Illinois Marriage and Dissolution of Marriage Act governing modification of child support were applicable to the disposition of the petition. (Ill. Rev. Stat. 1979, ch. 40, par. 801(b); *In re Marriage of Gentile* (1979), 69 Ill. App. 3d 297.) The modification of a divorce decree rests in the sound discretion of the trial court and, in the absence of abuse of that discretion, the reviewing court will not substitute its judgment for that of the trial court. (*Harding v. Harding* (1978), 59 Ill. App. 3d 25.) Upon application for a modification of support, the court's paramount consideration is whether a substantial and material change in circumstances has occurred since entry of the decree which would authorize the court to change the allowance. (Ill. Rev. Stat. 1979, ch. 40, par. 510(a).) In making such determination, the court must take into consideration the circumstances of the parents and the circumstances of the children. (*In re Sharp* (1978), 65 Ill. App. 3d 945.) The court also considers the ability of the mother as well as that of the father to provide support (*Killinger v. Killinger* (1976), 40 Ill. App. 3d 962), their ages, health, property and income, and stations in life. (*Winter v. Winter* (1978), 69 Ill. App. 3d 359.) The court may also consider whether the supporting spouse has remarried. *Tan v. Tan* (1972), 3 Ill. App. 3d 671.

The hearing on the petition to modify was held March 28, 1979. The defendant was not present and plaintiff gave the only testimony. The record of the hearing revealed the plaintiff was separated from her second husband and divorce proceedings were scheduled for April 2, 1979. Plaintiff's affidavit showed she and the defendant had been married for 13 years before the divorce. At the time of the hearing, plaintiff was 35 and defendant was 37; the children were 17, 15 and 10. No health problems were recorded. Plaintiff's affidavit showed a total monthly gross income of $730, and plaintiff testified she just received a $60 per month raise in her clerical job with an insurance company. Her necessary monthly expenses were shown as $1,027.41 and separate children's necessary monthly expenses were listed for bus, school lunches, school registration and supplies, and piano lessons and rental in the total amount of $72. At the time of the hearing, plaintiff was purchasing a $50,000 townshouse with the help of her estranged husband who assisted her in securing the loan. She used her share of the proceeds from the sale of their previous house as the downpayment on the townhouse. She testified she had no

money of her own in a savings account, nor would she be receiving any alimony or child support after her divorce from her second husband. She had no children by her second husband. She owned a 1975 Cougar with no payments due, and owned no stocks or bonds or any items of particular value other than normal household furnishings. One of the children had been adjudicated a minor in need of supervision, had been fined for various traffic offenses, and psychological counseling was planned for her. The plaintiff had not worked during her marriage to the defendant, but began to work at the time they became separated in 1971. She continued to work for several months after the divorce as a key punch operator for about $90 per week. She remarried, and did not work for about the next four years, then worked for a short time as a waitress so she and her second husband could buy a larger home for the children. The townhouse she purchased after separation from her second husband was smaller than the "larger" house they bought at that time. She also worked part-time in a bowling alley for about two years and made approximately $60 per week. Plaintiff testified she had her own checking account with a balance of about $200 and had not yet purchased any life insurance policies.

According to defendant's brief, he served 18 years in the Air Force. The record revealed that the defendant had remarried and that his wife had five children of her own. During the hearing, the trial court ruled the defendant's support of his second wife's five children was not relevant to this cause. Defendant's affidavit, dated May 4, 1979, showed his total necessary expenses per month to be $1,456.67, gross income of $1,006.80 per month, and $6,670 worth of outstanding debts for furniture, various loans, and attorney fees.

■■ ■ We do not feel the record demonstrates that the defendant has sustained his burden of showing that a substantial change in circumstances has occurred which would have justified a downward modification of the support payments, nor that the trial judge abused his discretion in denying same. Although we recognize the additional responsibilities imposed by a subsequent remarriage, we adhere to the view the defendant's first obligations must be met before the second obligations can or will be considered. (*Berkheimer v. Berkheimer* (1978), 63 Ill. App. 3d 19; *Gregory v. Gregory* (1964), 52 Ill. App. 2d 262.) Accordingly, the order of the circuit court of Kane County is affirmed.

In ending, we note with approval that the defendant did receive some relief due to the court's termination of the $75 per month support payment for the child who had reached majority.

Judgment affirmed.

VAN DEUSEN and WOODWARD, JJ., concur.