*In re* MARRIAGE OF MICHAEL GOLDSTEIN, Petitioner-Appellee, and SANDRA GOLDSTEIN, Respondent (Laura Goldstein, Appellant).

Second District No. 2—91—0967

Opinion filed May 12, 1992.

Laura Goldstein, of Deerfield, appellant *pro se.*

No brief filed for appellee.

JUSTICE BOWMAN delivered the opinion of the court:

Laura Goldstein (Laura) appeals *pro se* from an order which dismissed her petition to modify an agreed order entered in a dissolution of marriage proceeding involving her parents, Michael Goldstein (father) and Sandra Goldstein (mother). The sole issue raised on appeal

is whether Laura's petition should not have been dismissed by the trial court because Laura had standing to bring the petition as a third-party beneficiary of the agreed order. We affirm.

A judgment dissolving the marriage of Laura's parents was entered in Cook County on April 13, 1984. The judgment provided that the mother was awarded custody of the parties' two children, David, who was born in 1970, and Laura, who was born in 1972. The judgment further provided:

"6. Both MICHAEL GOLDSTEIN and SANDRA GOLDSTEIN shall contribute to the costs of the college education for their children to the best of their then financial ability at the time that those costs are being incurred by the children, subject to and in accordance with all of the provisions of section 513 (SHA Ch. 40, par. 513)."

On February 23, 1988, the mother filed a petition to enroll the judgment in Lake County. The mother subsequently filed a petition to enforce the judgment, seeking an order requiring the father to contribute to David's college education expenses. Following a hearing, an order was entered on August 31, 1988, which ordered the father to pay 80% of David's tuition and room and board expenses at Purdue University.

The mother filed a petition for college education and maintenance expenses for Laura on May 7, 1990. On August 8, 1990, the mother also filed a petition for modification of the court order regarding college education expenses for David. An "agreed order for college education expenses for David and Laura Goldstein" was entered, by agreement of the parties, on August 21, 1990. The order stated that David was still enrolled at Purdue University and that Laura would be attending Bradley University. The order further stated that the father would pay $10,000 per year for David's educational expenses and $14,000 per year for Laura's educational expenses. The father would also be responsible "for any actual increase in the tuition, and room and board expenses in subsequent years." The order also stated that $12,250 was to be paid by the father directly to Bradley University for Laura's tuition, fees, and room and board expenses. The remainder of the $14,000 was to be paid "directly to LAURA'S bank account in two equal installments on August 25th and December 25th each year."

On January 18, 1991, the mother filed an emergency petition for a rule to show cause and for enforcement of the agreed order. She alleged that the deposit into Laura's bank account, due December 25, 1990, had not been made. The mother also alleged that the payment

to Bradley University for Laura's spring semester was not made in a timely manner. On February 26, 1991, a pretrial conference was ordered regarding the petition. No further order was entered regarding the mother's petition, so it appears that the matter was resolved between the parties.

On August 2, 1991, Laura filed her *pro se* petition to modify the August 21, 1990, agreed order. She alleged that modification of the order was necessary because her father had consistently made late payments to Bradley University and to her bank account. She further alleged that $450 which was to have been paid to her bank account was never paid. She therefore requested that the order be modified to require her father: "to take a lump sum from his current funds and set it aside only for college expenses without withdrawal access"; to provide her with copies of all correspondence mailed to Bradley University; "to be responsible for the $200 minimum balance which must be kept" in Laura's bank account; and "to pay the $450 past due plus interest" immediately. She also requested that the date of payment to her bank account for the fall semester be changed from August 25 to July 25.

The father filed a motion to dismiss Laura's petition, arguing that Laura was not a party to the dissolution proceeding and therefore lacked standing to bring the petition. The motion to dismiss was granted on August 2, 1991. Laura filed a motion for reconsideration on August 16, 1991. She argued that she had standing in the court as a third-party beneficiary. This motion was denied, and Laura filed a timely notice of appeal. We initially note that the father has not filed an appellee's brief in this cause. We will, however, consider the appeal under the standard set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128.

On appeal, Laura argues that she had standing in the trial court as she is a third-party beneficiary of the 1990 agreed order for college expenses. Laura's *pro se* brief is impressive, and she persuasively argues that she has standing to enforce the agreed order, which was entered for her benefit. There is authority to support this argument. See *In re Estate of Braun* (1991), 222 Ill. App. 3d 178, 185; *Miller v. Miller* (1987), 163 Ill. App. 3d 602, 612-17. But *cf. In re Marriage of Garrison* (1981), 99 Ill. App. 3d 717, 721 (adult son of the parties "lacked standing in this proceeding to seek enforcement of the provisions of the judgment for divorce [now dissolution] to which he was not a party"; issue of standing as third-party beneficiary was waived by failure to raise it in the trial court).

The problem with Laura's argument, however, is that she did not file a petition to enforce the agreed order, but instead filed a petition to modify the order. Her petition does allege that her father failed to pay $450 due under the agreed order, and she did request an order that he pay this amount immediately. However, in her petition, Laura was essentially requesting four substantial modifications to the agreed order. Laura may be correct that she has standing as a third-party beneficiary to enforce the agreed order. However, she has not argued that she has standing to modify that order. She has also cited no authority which states that a third-party beneficiary may modify an agreement. We therefore affirm the trial court's order which granted the father's motion to dismiss Laura's petition to modify the agreed order.

For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

INGLIS, P.J., and DUNN, J., concur.