**FIFTH THIRD BANK OF NW OHIO, N.A., Appellant,**

v.

**KUNEY, Appellee.**

[Cite as *Fifth Third Bank of NW Ohio, N.A. v. Kuney* (1995), 107 Ohio App.3d 601.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–95–193.

Decided Dec. 1, 1995.

*Gregory Sova,* for appellant.

---

*Per Curiam.*

This is an accelerated appeal from a judgment of the Toledo Municipal Court which dismissed the case without prejudice.

The undisputed facts relevant to the issue raised on appeal are as follows. On April 28, 1995, appellant, Fifth Third Bank of NW Ohio, N.A., filed a complaint seeking judgment from appellee, Kevin Kuney, on a promissory note. The trial court received a letter from appellee on May 23, 1995, which it accepted as an answer to the complaint, stating that he "had enlisted in the Armed Forces as of 4/25/95 * * *." Appellee also alleged in the letter that he was "protected under the Soldiers and Sailors Act" and requested that the "charges be dismissed." Accompanying the letter to the trial court was a document captioned, "ENLIST-MENT/REENLISTMENT DOCUMENT ARMED FORCES OF THE UNIT-ED STATES." On June 6, 1995, the trial court ordered the case dismissed without prejudice.

On appeal appellant sets forth the following assignment of error:

"The trial court erred in dismissing the case."

The trial court relied on the Soldiers' and Sailors' Civil Relief Act of 1940, Section 501 *et seq.,* Title 50 U.S.C.A.App., U.S.Code, as the basis for dismissing this case. The Act, however, provides protection for those persons engaged in active military service only from having default judgments entered against them without their knowledge. *Roqueplot v. Roqueplot* (1980), 88 Ill. App.3d 59, 43 Ill.Dec. 441, 443, 410 N.E.2d 441, 443. Even if a person is on active duty, the Act does not prevent the entry of judgment when there has been notice of the pendency of the action and there is adequate time and opportunity to appear and defend such action. *Id.*

In reviewing the entire record in this case, it is clear that appellee failed to submit evidence that he is currently on active military duty. Paragraph 8(a) of the document appellee submitted to the trial court states in pertinent part:

"I understand that I will be ordered to active duty as a Reservist unless I report to the place shown in item 4 above by * * * 0545 96 APR 23 for enlistment in the Regular component of the United States * * * AIR FORCE for not less than 4 years and 0 weeks."

Additionally, the record shows that appellee had notice of the pendency of the action and adequate time and opportunity to appear and defend this matter.

Accordingly, pursuant to the Soldiers' and Sailors' Civil Relief Act of 1940, Section 501 *et seq.*, Title 50 U.S.C.A.App., U.S.Code, we find that the trial court erred in dismissing appellant's complaint and its assignment of error is well taken.

On consideration whereof, this court finds that substantial justice has not been done the party complaining, and the judgment of the Toledo Municipal Court dismissing the complaint is reversed. This matter is remanded to the trial court for further proceedings consistent with this decision. Court costs of this appeal are assessed to appellee.

*Judgment reversed*
*and cause remanded.*

ABOOD, P.J., HANDWORK and GLASSER, JJ., concur.