50

COURTNEY; State Farm Insurance Company et al.

v.

SOSBE.█

Toledo Municipal Court,
Lucas County, Ohio.

No. CVE–93–13029.

Decided March 28, 1996.

*Gary F. Kuns,* for plaintiff State Farm Insurance Company et al.

*Vijay K. Puligandla,* for defendant James Sosbe, Jr.

THOMAS J. OSOWIK, Judge.

The court finds that this matter came on for determination of the defendant's motion to vacate a default judgment rendered against him on May 24, 1994.

On December 1, 1995, the defendant filed a motion to vacate this default judgment.

Pursuant to Civ.R. 55(B), default judgments may be set aside in accordance with Civ.R. 60(B).

Civ.R. 60 governs the procedure to be followed when a party seeks to vacate a judgment. That rule states as follows:

"(A) Clerical mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

"(B) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have

prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

"The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules."

"To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec. Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, at paragraph two of the syllabus.

In the case before the court, the evidence adduced at hearing and exhibits attached and memorandum in support filed by the defendant establishes that the original complaint was filed on August 26, 1993, and the defendant personally signed for the certified mail receipt indicating service of the summons. The defendant was in the United States Army and was on leave when he received the summons. No action was taken on the part of the defendant to respond to this complaint.

Sometime on April 28, 1995, at or near the date of his discharge from the United States Army, he discovered that his driver's license was under a security suspension as a result of the default judgment.

The defendant moves the court to vacate the judgment, relying upon Section 510, Title 50 App., U.S.Code, the Soldiers' and Sailors' Civil Relief Act of 1940.

The court further finds that the defendant alleges that he has a meritorious defense in that he was not operating the vehicle involved in this collision, which is the basis of the underlying cause of action.

Section 510, Title 50 App., U.S.Code states:

"In order to provide for, strengthen, and expedite the national defense under the emergent conditions which are threatening the peace and security of the United States and to enable the United States the more successfully to fulfill the requirements of the national defense, provision is made to suspend enforcement of civil liabilities, in certain cases, of persons in the military service of the United States in order to enable such persons to devote their entire energy to the defense needs of the Nation, and to this end the following provisions are made for the temporary suspension of legal proceedings and transactions which may

prejudice the civil rights of persons in such service during the period herein specified over which this Act [sections 501 to 591 of this Appendix] remains in force."

Proceedings may be stayed under Section 521, which provides:

"At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act [sections 501 to 591 of this Appendix], unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service."

In *Boone v. Lightner* (1943), 319 U.S. 561, 63 S.Ct. 1223, 87 L.Ed. 1587, the Supreme Court held that a stay of proceedings under the Act is not a matter of absolute right but lies within the discretion of the court. The court further stated:

"The Soldiers' and Sailors' Civil Relief Act is always to be liberally construed to protect those who have been obliged to drop their own affairs to take up the burdens of the nation. The discretion that is vested in trial courts to that end is not to be withheld on nice calculations as to whether prejudice may result from absence, or absence result from the service. Absence when one's rights or liabilities are being adjudged is usually prima facie prejudicial. But in some few cases absence may be a policy, instead of the result of military service, and discretion is vested in the court to see that the immunities of the Act are not put to such unworthy use." *Id.* at 575, 63 S.Ct. at 1231, 87 L.Ed. at 1596.

Thus, the stay provided for in the Act does not automatically apply to all litigation involving military personnel on active duty. "It is within the trial court's discretion to grant or deny such a stay." *Nurse v. Portis* (1987), 36 Ohio App.3d 60, 61, 520 N.E.2d 1372, 1374; *Olsen v. Olsen* (1993), 87 Ohio App.3d 12, 15, 621 N.E.2d 830, 832.

Even if a person is on active duty, the Act does not prevent the entry of judgment when there has been notice of the pendency of the action and there is adequate time and opportunity to appear and defend such action. *Fifth Third Bank of NW Ohio v. Kuney* (1995), 107 Ohio App.3d 601, 669 N.E.2d 271.

The defendant testified that he contacted the judge advocate general concerning the summons he had received and was told that "they would take care of it." However, the evidence does not establish that the defendant attempted to

arrange leave to make himself available for trial or that defendant spoke to his commanding officer or the judge advocate general officer concerning leave.

Defendant cannot show he was unavailable when, as here, he failed to present evidence that leave was requested. *Power v. Power* (Tex.App.1986), 720 S.W.2d 683, 685; *Allen v. Howard* (1988), 185 Ga.App. 758, 365 S.E.2d 546; *Hall v. Hall* (Jan. 16, 1992), Knox App. No. 91–CA–21, unreported, 1992 WL 15991 ("he failed to show that he was unable to come home on leave or even that he requested to his commanding officer a hardship leave to attend the hearings"); *Phelps v. Fowler* (1995), 107 Ohio App.3d 263, 668 N.E.2d 558.

■ The court further finds that although the defendant was charged with violating a municipal traffic ordinance arising from the September 4, 1991 collision, the charge was, apparently, dismissed after the warrants were withdrawn, and witnesses failed to appear for trial. The defendant's assertion that he was not the driver four and one-half years after the incident does not rise to the level necessary under Civ.R. 60(B) to establish a meritorious defense.

Based upon these findings of fact and conclusions of law, and after a thorough review of the entire record, the defendant's motion to vacate the default judgment against him is found not well taken and is denied.

The court further finds that this order is a final determination of all of the issues of all the parties before the court, pursuant to R.C. 2505.02.

Thus, this is a final and appealable order. The clerk shall so journalize this judgment on her records, and further, note the date of such journalization, the date of which shall commence the time for appellate review, and further, notify all parties of this judgment.

*Motion denied.*