Nos. 2--97--0912, 2--97--1149, cons.

________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

________________________________________________________________

In re
 MARRIAGE OF ) Appeal from the Circuit Court

JULIE L. POTTS, ) of Boone County.

                                )

      Petitioner-Appellee,      ) No. 97--D--7

)

and  )

)

JEFFREY A. POTTS, )

                                ) 

      Respondent-Appellee       )

                                ) 

(Jennifer M. Potts, n/k/a       ) Honorable

Jennifer Horton, Intervenor-    ) Gerald F. Grubb,
 

Appellant
). ) Judge Presiding.
  

_________________________________________________________________

In re
 MARRIAGE OF ) Appeal from the Circuit Court

JEFFREY A. POTTS, ) of Winnebago County.

)

Petitioner-Appellee, ) No. 90--D--547

)

and )

)

JENNIFER M. POTTS, n/k/a )

Jennifer M. Horton, ) Honorable

) Steven G. Vecchio,

Respondent-Appellant. ) Judge, Presiding.

_________________________________________________________________

JUSTICE INGLIS delivered the opinion of the court:

Respondent-intervenor, Jennifer Horton, appeals the order of the circuit court of Boone County (appeal No. 97--0912) vacating its prior order, which granted her petition for leave to intervene, and denying her motion to vacate the award of child support.  Jennifer also appeals the order of the circuit court of Winnebago County (appeal No. 97--1149) awarding child support to her child. 

Jennifer and Jeffrey Potts dissolved their marriage in 1991.  They had one child during their marriage (hereinafter first child).  Following the dissolution of that marriage, Jeffrey married Julie Potts in 1992.  Jeffrey had two children during his marriage to Julie.  

On January 16, 1997, custody of the first child was transferred to Jennifer in the court of Winnebago County.  However, the court reserved ruling on child support because Jeffrey represented that he was unemployed at the time.  

In the meantime, on January 17, 1997, Julie petitioned in the Boone County court for the dissolution of her marriage to Jeffrey.  On March 12, 1997, the Boone County court, pursuant to an agreed order, granted the dissolution and awarded Julie $50 in weekly maintenance and $150 in weekly support for their two children.  There is no indication in the record that the Boone County court knew that there was another support obligation pending in the Winnebago County court.

On March 13, 1997, at the hearing in the Winnebago County court on Jennifer’s motion for child support, Jeffrey presented the  order of support issued by the Boone County court the day before.  Jennifer argued that the court should not consider the amount ordered by the Boone County court in determining the amount of child support for the first child.  Jennifer argued that, if it were deducted first, it would virtually deplete Jeffrey’s income to the first child’s detriment.  The court felt that its hands were tied because section 505(a)(3)(g) under the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/505(a)(3)(g) (West 1996)) provided that prior orders of child support and maintenance must first be deducted from net income before a determination for support could be made.  The court then deducted the $200 obligation of support and maintenance from Jeffrey’s net income of $366 per week and divided the remainder by 20% to arrive at the amount of $33 per week for the first child’s support.  The court then advised Jennifer to try to vacate the judgment of the Boone County court.

On April 2, 1997, Jennifer filed a petition for leave to intervene and a motion to vacate the judgment in the Boone County court.  Jennifer argued that she sought to obtain child support in Winnebago County following the transfer of custody of the first child to her; that the issue of support was reserved because Jeffrey was unemployed at the time; and that the judgment entered by the Boone County court in the interim deprived the first child of the appropriate amount of support that she should have received as the firstborn child.  Jennifer asked the court to vacate the judgment regarding child support and maintenance and to recalculate child support considering the needs of the first child as the firstborn child.  The court granted the petition for leave to intervene.  However, after considering the argument of the opposing counsel, the court vacated its order granting the petition for leave to intervene. 

Thereafter, Jennifer filed a motion in the Winnebago County court to reconsider its order of support.  She argued that Jeffrey’s income substantially increased in the interim and that the court should disregard the Boone County court’s child support and maintenance order.  The court continued to adhere to its prior decision that the Boone County court order was a prior obligation.  However, it increased child support to $50 per week based on 20% of the increase in Jeffrey’s net income after deducting the "prior" $200 obligation to his second family.  

Jennifer appeals, contending that the Boone County court erred in vacating its prior order, which granted her petition for leave to intervene, and that the Winnebago County court improperly calculated and set the first child’s child support.  We granted Jennifer’s motion to consolidate the appeals.

We note that neither Julie nor Jeffrey has filed briefs in this court.  However, we will consider the merits of the appeal under the standard set forth in 
First Capitol Mortgage Corp. v. Talandis Construction Corp.
, 63 Ill. 2d 128 (1976)
. 

We turn first to Jennifer’s contention that the Boone County court erred in vacating its prior order, which granted her petition for leave to intervene.  Section 2--408 of the Code of Civil Procedure (735 ILCS 5/2--408 (West 1996))
 governs intervention in civil proceedings.  It provides, in relevant part:

"(a) Upon timely application anyone shall be permitted as of right to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the representation of the applicant’s interest by existing parties is or may be inadequate and the applicant will or may be bound by an order or judgment in the action; or (3) when the applicant is so situated as to be adversely affected by a distribution or other disposition of property in the custody or subject to the control or disposition of the court or a court officer.

(b) Upon timely application anyone may in the discretion of the court be permitted to intervene in an action: (1) when a statute confers a conditional right to intervene; or (2) when an applicant’s claim or defense and the main action have a question of law or fact in common."  735 ILCS 5/2--408(a),(b)(West 1996).

We do not find that the conditions required by subsection (b) are present here.  Therefore, this case turns upon whether Jennifer could intervene as a matter of right.  Our research has found one case concerning intervention as a matter of right in a proceeding involving child support. 
 In 
People ex rel. Collins v. Burton
, 282 Ill. App. 3d 649 (1996), the underlying case
 involved a paternity proceeding in which the respondent was declared the father of a child born out of wedlock to the petitioner and was ordered to pay child support.  Morris C. Davis, Jr., who was the father of another child born out of wedlock to the petitioner and
 who also had to pay child support to the petitioner, filed a petition for leave to intervene.  Davis argued that he had an interest in seeing that the total sum available for the support of his child was as ample as possible.  He also argued that the State could not be expected to protect his child’s interest in regard to the support for the other child and that the court’s ruling on the support request would be binding on him and his child.  The court held that Davis did not have a sufficient interest to have a right to intervene.  
Burton
,
 282 Ill. App. 3d at 651.   

The court found that it was no longer uncommon to have one custodial parent receive support from more than one noncustodial parent.  
Although the court agreed that Davis’s child was indirectly affected by the amount of support the other father was paying toward the support of the other child, it held that
 permitting other noncustodial parents to intervene each time an issue arose concerning support payments that are to be paid by one of them would be an invitation to confusion.  
Burton
, 282 Ill. App. 3d
 at 653.  

We agree with the reasoning in 
Burton
.  As in 
Burton
, it is not uncommon to have a former spouse from a subsequent marriage seek child support.  If we allowed a former spouse from a prior marriage to intervene in litigation involving support payments to the children from a subsequent marriage every time the firstborn child might be affected, then a former spouse from the subsequent marriage should also have the right to intervene any time an issue arose where the children from the subsequent marriage might be affected.  We cannot encourage 
such disruption.

Moreover, even if Jennifer filed a petition on behalf of the first child in regard to the support payments made by Jeffrey to his second family, she would have no standing to modify the obligation.  See 
In re Marriage of Goldstein
, 229 Ill. App. 3d 399 (1992)(daughter had no standing as third-party beneficiary to modify amount of college expenses father was ordered to pay in a dissolution proceeding).  Jennifer’s interest in the outcome of the Boone County litigation is too remote to grant her a right to intervene.  Accordingly, the Boone County court correctly vacated its prior order, which granted Jennifer’s petition for leave to intervene.

Jennifer next contends that the Winnebago County court improperly calculated and set the first child’s child support.  Jennifer argues that the court improperly deducted the Boone County court order of child support and maintenance from Jeffrey’s net income
 before it calculated the amount of child support for the first child.  We note that the trial court has wide discretion in awarding child support and its decision will not be reversed by a court of review absent an abuse of discretion.  
In re Marriage of Alexander
, 231 Ill. App. 3d 950, 953 (1992).  

Section 505
 of the Act provides that, in determining the available income
 for child support awards, "
[p]rior
 obligations of support or maintenance actually paid pursuant to a court order" shall be deducted from net income. 
 (Emphasis added.) 
750 ILCS 5/505(a)(3)(g) (West 1996).  "Prior" refers to the obligations to a family that is "first in time" in relation to another family.  
In re Marriage of Zukausky
, 244 Ill. App. 3d 614, 624 (1993)
.  A divorced spouse’s obligations to the first family must be met before the obligations to the second family can or will be considered.  
In re Marriage of Vucic
, 216 Ill. App. 3d 692, 704 (1991); 
Roqueplot v. Roqueplot
, 88 ll. App. 3d 59, 63 (1980).

In this case, the Winnebago County court concluded that the Boone County court order was a "prior obligation of support" and deducted that amount from Jeffrey’s net income before it determined the amount of available income to award child support for the first child.  
Because the prior obligation of support should be paid to the family that is first in time, the Winnebago County court incorrectly concluded that the Boone County court order of support for the second family was a prior order.  We find the court abused its discretion by deducting the 
order of support for the second family from Jeffrey’s net income before determining the award of support for the first child.  We therefore direct the Winnebago County court to redetermine the amount of the first child’s support without regard to the Boone County court order of support
.  The court is further directed to determine the minimum amount of support pursuant to the guidelines set forth in section 505(a)(1) (750 ILCS 5/505(a)(1) (West 1996)
) (20% of Jeffrey’s net income), unless the court makes a finding that the application of the guidelines would be inappropriate after considering the best interests of the child and the factors of section 505(a)(2) (750 ILCS 5/505(a)(2) (West 1996)
)
. 

In the interest of justice, we are compelled to make a final note concerning this case.  Based on the records before us, it appears that Jeffrey concealed his first child’s existence and the pending award of her support from the Boone County court
.  It also appears that Jeffrey purposefully depleted the income available for his first child by agreeing to set child support and maintenance for his second family at more than 50% of his net income.  A trial judge has a difficult task in setting fair and reasonable child support.  A litigant who fails to fully inform the court that on the next day another court is going to set child support for his first family acts reprehensibly and should not benefit from such conduct.

The judgment of the circuit court of Boone County is affirmed.  The judgment of the circuit court of Winnebago County is reversed, and the cause is remanded with directions.

No. 97--0912 -- affirmed.

No. 97--1149 -- reversed and remanded with directions.

GEIGER, P.J., and DOYLE, J., concur.