EUGENE H. ASPLING, Plaintiff-Appellant, v. GEORGE R. FERRALL, Defendant-Appellee.

Second District No. 2—91—1110

Opinion filed July 29, 1992.

Thomas E. Greenwald, of Connolly, Oliver, Close & Worden, of Rockford, for appellant.

Michael F. O'Brien, of Clark, McGreevy & Johnson, P.C., and Edward J. Enichen, of Guyer & Enichen, both of Rockford, for appellee.

PRESIDING JUSTICE INGLIS delivered the opinion of the court:

Plaintiff, Eugene H. Aspling, appeals after the circuit court of Winnebago County dismissed his complaint against defendant, George R. Ferrall, pursuant to sections 2—615, 2—619, and 2—1005 of the Civil Practice Law (Code) (Ill. Rev. Stat. 1989, ch. 110, pars. 2—615, 2—619, 2—1005). Ferrall had filed a combined motion under section 2—619.1 of the Code (Ill. Rev. Stat. 1991, ch. 110, par. 2—619.1). Aspling sought damages against Ferrall personally for a breach of lease with Ferrall's company, Geri Corporation, under an alter ego theory. Geri Corporation was dissolved through bankruptcy proceedings. The issues on appeal are whether: (1) the bankruptcy trustee had the exclusive right to assert an alter ego claim; (2) the bankruptcy trustee abandoned the alter ego claim; (3) Aspling's filing of a proof of claim in the bankruptcy action was an "election of remedies" which precluded the cause of action for breach of lease; and (4) the settlement in bankruptcy court was *res judicata* as to Aspling's action. We affirm.

We will restate those facts that are evident from the record. On January 24, 1986, Geri Corporation filed a voluntary petition for

bankruptcy in Federal court under chapter 7 of the Bankruptcy Code (11 U.S.C. §701 *et seq.* (1984)). Geri Corporation listed total assets of $3,713 and total liabilities of $293,766.40, of which $5,500 was secured debt. On June 23, 1986, Aspling filed a proof of claim against Geri Corporation in bankruptcy court for $178,215.27.

In November 1986, Aspling filed an action against Ferrall in State court seeking damages for a breach of lease with Geri Corporation under an alter ego theory. As support for the alter ego theory, the complaint stated that Ferrall managed the affairs of the corporation as if it were a proprietorship and for the purposes of defrauding Aspling. Aspling claimed that Ferrall, through Geri Corporation, leased properties to third parties that it had leased from Aspling and had received the rents from third parties without paying Aspling. Further, Aspling claimed that Geri Corporation made payments to Ferrall totalling $24,000 in 1985 when the corporation was insolvent.

In February 1987, the bankruptcy trustee filed a complaint to avoid a preference under section 547 of the Bankruptcy Code (11 U.S.C. §547 (1986)). The trustee claimed that Geri Corporation had transferred checks totalling $27,122.48 to Ferrall while the corporation was insolvent. The trustee sought a judgment because the payments were made to a corporate insider, for an antecedent debt, within one year prior to the chapter 7 filing.

On November 16, 1987, the complaint filed by the bankruptcy trustee was settled for $5,750. The bankruptcy judge entered an order dismissing the proceeding with prejudice. Aspling claims that he was informed of the settlement approximately one month before the judge formally dismissed the proceeding.

In January 1990, Aspling was paid $5,524.76 pursuant to the final report and account of the bankruptcy trustee. Aspling was the sole general unsecured creditor with a claim against Geri Corporation.

From June 1988 to February 1991, Aspling's cause of action in the Winnebago County circuit court remained dormant. On February 6, 1991, Aspling continued discovery requests, filing a motion to compel production of documents. Ferrall then filed a combined motion to dismiss the complaint under sections 2—615 and 2—619 of the Code and pursuant to section 2—619.1 of the Code (Ill. Rev. Stat. 1991, ch. 110, par. 2—619.1). Ferrall claimed that Aspling lacked standing to bring his claim because an alter ego claim could be pursued only by the bankruptcy trustee. Ferrall also claimed that the settlement of the preference claim in bankruptcy court be-

tween the bankruptcy trustee and Ferrall was *res judicata* with respect to Aspling's cause of action. Ferrall later filed a supplement to the motion seeking summary judgment under section 2—1005 of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005).

After a hearing on the motion, the trial court dismissed Aspling's complaint. The trial judge stated that Aspling lacked standing to bring the action, that Aspling's claim in the bankruptcy proceedings was an election of remedies, and the settlement of the preference claim was *res judicata* as to Aspling's claim. Aspling filed a timely appeal on October 2, 1991.

"A motion to dismiss pursuant to section 2—619 of the Code admits all well-pleaded facts as well as reasonable inferences which may be drawn from those facts." (*Streams Condominium No. 3 Association v. Bosgraf* (1991), 219 Ill. App. 3d 1010, 1013.) A section 2—619 motion should be granted only if no genuine issue of material fact exists. (*Bosgraf*, 219 Ill. App. 3d at 1013-14.) The standard is similar for a motion for summary judgment. (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 240.) The court considers the pleadings, affidavits and depositions when ruling on a motion to dismiss (*Bosgraf*, 219 Ill. App. 3d at 1014) or a motion for summary judgment (*Purtill*, 111 Ill. 2d at 240).

### STANDING

Aspling first contends that the trial court erred when it found that he lacked standing to bring the action. The trial judge stated that the bankruptcy trustee had the exclusive right to assert an alter ego claim in the bankruptcy proceedings. Aspling claims that his alter ego claim is a "personal" claim that a bankruptcy trustee has no standing to bring, citing, among other cases, *Koch Refining v. Farmers Union Central Exchange, Inc.* (7th Cir. 1987), 831 F.2d 1339. Ferrall counters that *Koch Refining* is authority for the proposition that Aspling's claim is a "general" claim that may be brought only by the bankruptcy trustee.

■ We will begin our analysis with *Koch Refining*, where the court explained the role of the bankruptcy trustee:

> "The trustee represents not only the rights of the debtor but also the interests of creditors of the debtor. *** [T]he trustee, in his capacity as a creditor, may bring suit to reach property or choses in action belonging to the estate that will then be distributed to all creditors." *Koch Refining*, 831 F.2d at 1342.

■ Section 541 of the Bankruptcy Code defines what property belongs to the estate. Property of the bankruptcy estate is "all legal or equitable interests of the debtor in property as of the commencement of the case." (11 U.S.C. §541(a)(1) (1986); *Koch Refining*, 831 F.2d at 1343.) Section 541 property includes property fraudulently transferred by the debtor before bankruptcy, creditors' fraud claims under the Racketeer Influenced and Corrupt Organization Act (RICO) (18 U.S.C. §1961 *et seq.* (1982)), and rights of action against shareholders of a corporation for breaches of fiduciary duty. *Koch Refining*, 831 F.2d at 1343.

■ In *Koch Refining*, the Seventh Circuit Court of Appeals examined the theory of alter ego and found that State law determines whether an alter ego action is property of the debtor or the creditors. (*Koch Refining*, 831 F.2d at 1344.) The court held that Illinois law allows any creditor to bring an alter ego action "without regard to the specific nature of [the] relationship with the corporation and its alleged alter ego." (*Koch Refining*, 831 F.2d at 1345.) Thus, the bankruptcy trustee can bring an alter ego cause of action. *Koch Refining*, 831 F.2d at 1346.

However, the *Koch Refining* case does not explicitly stand for the proposition that a creditor lacks standing to bring an alter ego claim simply because the bankruptcy trustee also has the power to bring the claim. In fact, the *Koch Refining* court distinguished a case relied upon here by Aspling, *In re Curtina International* (S.D.N.Y. 1981), 15 Bankr. 993. In *Curtina*, the bankruptcy court held it did not have jurisdiction over a creditor's alter ego claim because it "[did] not relate to, or affect the administration of [the] bankruptcy case and [was] merely a private controversy exclusively between third parties in which the trustee asserts no interest." (*Curtina*, 15 Bankr. at 996.) The *Koch Refining* court distinguished *Curtina* by noting that both the trustee and the creditors in *Curtina* sought to hold individual corporate principals liable, based on different causes of action. The trustee's action was based on fraudulent conveyance while the creditor's claim was based on the alter ego theory. (*Koch Refining*, 831 F.2d at 1346.) The court further stated:

> "The *Curtina* trustee chose not to assert an alter ego claim and determined that the creditor's pursuit of his action was a private controversy in which he had no interest. *Curtina* does not hold that a trustee lacks standing to assert an alter ego claim, nor that an alter ego claim cannot be property of

an insolvent corporation's estate." *Koch Refining*, 831 F.2d at 1347.

Aspling claims that *Curtina* is similar to the case at hand and should be controlling authority. However, *Curtina* does not hold that a creditor may maintain an alter ego claim against the corporate shareholders. The *Curtina* court merely held that the bankruptcy court lacked jurisdiction to adjudicate an alter ego claim brought by a creditor. (*Curtina*, 15 Bankr. at 996.) The remaining discussion therein insinuating a separate cause of action for the creditor in another court is *dictum*.

■ The determination whether Aspling may bring a separate alter ego action lies in the distinction between a "general" and a "personal" claim. A trustee has no standing to bring a personal claim of a creditor. An action is " 'personal' if the claimant himself is harmed and no other claimant or creditor has an interest in the cause." (*Koch Refining*, 831 F.2d at 1348.) A trustee may maintain only a general claim, a claim for the benefit of all creditors and not for specific creditors. (*Koch Refining*, 831 F.2d at 1349.) Stated alternatively, a single creditor may not maintain an action against corporate fiduciaries if the creditor shares in an injury common to all creditors "and has personally been injured only in an indirect manner." *Koch Refining*, 831 F.2d at 1349.

■ "To determine whether an action accrues individually to a claimant or generally to the corporation, a court must look to the injury for which relief is sought and consider whether it is peculiar and personal to the claimant or general and common to the corporation and creditors." (*Koch Refining*, 831 F.2d at 1349.) The *Koch Refining* court held that the alter ego claim of the creditors was a general claim and that the trustee was the proper party to bring the claim. (*Koch Refining*, 831 F.2d at 1351.) The court also stated:

> "If the trustee succeeds in his preference action and recovers *the amounts conveyed to the* [creditors] *within the prefer*ence period, [the creditors] will certainly seek reimbursement of those transfers. However, even in that posture they allege no personal injury; they are similarly situated to other creditors who have been treated inequitably by the debtor and thus share in the common injury." *Koch Refining*, 831 F.2d at 1350.

We interpret *Koch Refining* to mean that the bankruptcy trustee, as the proper party to bring general claims of the bankruptcy estate, has the exclusive right to bring an alter ego action against corporate shareholders and fiduciaries. One of the bases of

Aspling's alter ego claim against Ferrall was the fact that Ferrall was paid $24,000 while Geri Corporation was insolvent. That very fact was the basis for the trustee's section 547 preference claim against Ferrall in the bankruptcy proceedings. The trustee brought the action on behalf of *all* creditors to enhance the value of the bankruptcy estate. Further, Aspling's complaint states, in part:

"(9) That based upon the foregoing, the Defendant[,] GEORGE R. FERRALL[,] intentionally under-capitalized Geri Corporation for the purpose of defrauding *creditors*.

\* \* \*

(12) That based upon the foregoing, the Defendant[,] GEORGE R. FERRALL[,] treated Geri Corporation as his alter ego creating and maintaining such Corporate form for the purpose of defrauding *creditors, including the Plaintiff.*" (Emphasis added.)

Aspling's complaint acknowledges that he is not the only creditor injured by Ferrall's alleged conduct. Aspling has not claimed that his detrimental position is personal or peculiar to him and not shared by the other creditors of Geri Corporation. As such, Aspling has presented a general claim which is within the exclusive province of the bankruptcy trustee.

The cases relied upon by Aspling are distinguishable. As previously stated, the holding in *Curtina* (15 Bankr. at 993), is limited to a determination that the bankruptcy court had no jurisdiction to adjudicate a creditor's alter ego claim. Ferrall also distinguishes *Curtina* on the basis that the assets the creditors were seeking in their alter ego action were not property of the estate under section 541 of the Bankruptcy Code. We fail to see this distinction and rely only on the limited holding in *Curtina*. *Curtina* does not address the effect of a separate alter ego action by a creditor after preference claims against the corporate shareholders have been settled and the bankruptcy estate has been distributed.

In *Scholes v. Schroeder* (N.D. Ill. 1990), 744 F. Supp. 1419, the receiver for a corporation brought actions, some of which belonged *only* to the corporate investors. This case is inapplicable because the *Koch Refining* case makes clear that, in Illinois, a bankruptcy trustee may bring an alter ego action as assignee for the corporation's creditors. The cause of action does not belong *only* to certain creditors.

In *E.F. Hutton & Co. v. Hadley* (11th Cir. 1990), 901 F.2d 979, the bankruptcy trustee brought an action against a brokerage firm through which certain securities were purchased by the bankrupt

dealer for customer creditors. The court held that the trustee lacked standing to bring this action. The *Hadley* court followed the reasoning of the ninth circuit in *Williams v. California 1st Bank* (9th Cir. 1988), 859 F.2d 664, that a bankruptcy trustee does not have the power to assert general causes of action on behalf of the creditors. We find *Hadley* inapplicable because the seventh circuit, pursuant to *Koch Refining*, allows the trustee to bring general claims on behalf of creditors. *Hadley* is also distinguishable because the trustee's action was on behalf of a *specific group* of creditors and was not in the interests of all creditors, as the trustee's action was in *Koch Refining*. Similarly, in *Caplin v. Marine Midland Grace Trust Co.* (1972), 406 U.S. 416, 32 L. Ed. 2d 195, 92 S. Ct. 1678, the reorganization trustee brought suit against the indenture trustee on behalf of debenture holders. Again, the trustee was representing only a specific group of creditors, debenture holders, whereas an alter ego claim would benefit all creditors.

Ferrall cites *St. Paul Fire & Marine Insurance Co. v. PepsiCo, Inc.* (2d Cir. 1989), 884 F.2d 688, a case which thoroughly analyzed *Koch Refining*. The *PepsiCo* court stated:

> "Congress intended [through the Bankruptcy Code] to protect all creditors by making the trustee the proper person to assert claims against the debtor. This reasoning extends to common claims against the debtor's alter ego or others who have misused the debtor's property in some fashion. If a claim is a general one, with no particularized injury arising from it, and if that claim could be brought by any creditor of the debtor, the trustee is the proper person to assert the claim, and the creditors are bound by the outcome of the trustee's action." *PepsiCo*, 884 F.2d at 701.

Aspling's claim has no particularized injury different from any other creditor. Through Ferrall's alleged conduct in treating the corporation as his own proprietorship, the corporate entity had no assets with which to pay the creditors of the corporation. Thus, Aspling is bound by the actions of the trustee, unless the trustee has abandoned a claim and allowed creditors to pursue it independently.

We believe that this holding promotes judicial economy and fairness to all creditors by preventing separate alter ego claims in potentially different jurisdictions by various creditors. This concern was discussed in *In re S.I. Acquisition, Inc.* (5th Cir. 1987), 817 F.2d 1142:

"[T]o allow [the creditor's] actions to proceed would undercut the general bankruptcy policy of ensuring that all similarly-situated creditors are treated fairly. ***

***

Furthermore, if [the creditor's] action based upon alter ego may proceed completely outside of bankruptcy, then any creditor of [the debtor] may do likewise. The result is the multi-jurisdictional rush to judgment that *** cuts against the fundamental policies of the Bankruptcy Code. We would also be promoting a potential conflict in judgments such that one creditor may convince a court or jury that [the debtor, its parent corporation and its shareholders] are all one in the same, while another creditor may not. Problems of collateral estoppel and unfair distribution of debtor assets would clearly abound." (*S.I. Acquisition*, 817 F.2d at 1153-54.)

This concern is further compounded in our situation where the bankruptcy estate has already been distributed and the preference action against Ferrall settled. Principles of finality dictate that we find Aspling lacked standing to bring a separate alter ego action. Thus, the trial court did not err.

### ABANDONMENT

Aspling also contends that, even if the trustee had the exclusive right to present the alter ego claim, the trial court erred in finding that the trustee had presented the alter ego claim in his preference action or, alternatively, that the alter ego claim was not abandoned. Aspling argues that the preference claim in no way affected his alter ego action. Aspling also argues that the alter ego claim was never the trustee's to abandon.

Aspling relies on *Lumpkin v. Envirodyne Industries, Inc.* (7th Cir. 1991), 933 F.2d 449, as authority that the settlement agreement in the preference action would not affect a separate alter ego claim. However, *Lumpkin* is distinguishable on its facts. There, former employees of Envirodyne's subsidiaries sought unpaid pension benefits under the Employee Retirement Income Security Act (ERISA) (29 U.S.C. §1081 *et seq.* (1990)). The basis for the claim was that Envirodyne, a parent of the subsidiaries, was liable for lost benefits under a corporate law alter ego theory. (*Lumpkin*, 993 F.2d at 453.) The court, reversing the district court's dismissal of the action, stated that the employee's claims could not have been presented in the previous bankruptcy proceedings involving Wisconsin Steel, whose pension fund was the responsibility of Envirodyne's subsidi-

aries. The claim was not a general claim, but was a personal claim brought by a specific group of creditors, former employees with ERISA claims. *Lumpkin*, 933 F.2d at 463.

▪ Piercing the corporate veil of a parent corporation for the specific purpose of reaching unpaid pension benefits is significantly different from a creditor seeking to reach the bankrupt entity's assets through the shareholders under an alter ego theory. The other creditors of the bankrupt subsidiary in *Lumpkin* would not benefit at all from the employee's success. However, in our situation, a successful alter ego theory by Aspling could benefit all creditors by increasing the assets available for distribution to the creditors.

We find that the alter ego claim was the trustee's to abandon and the trustee did not abandon that claim. Section 554(a) of the Bankruptcy Code states that a trustee may abandon property of the estate after notice and a hearing. (11 U.S.C. §554(a) (1986).) Scheduled property under section 521(1) of the Code is automatically abandoned at the close of the case unless otherwise ordered by the court. (11 U.S.C. §554(c) (1986).) Property of the estate that is not abandoned remains property of the estate unless otherwise ordered by the court. 11 U.S.C. §554(d) (1986).

Here, the trustee did not abandon the alter ego claim, and Aspling acknowledges this in his brief. Ferrall correctly points out that the alter ego claim was not scheduled property under section 521(1) of the Bankruptcy Code, so it was not automatically abandoned. A trustee could choose to abandon a claim and allow creditors to pursue it; however, where there has been no such election by the trustee, the creditors have no standing to assert the cause of action. *PepsiCo*, 884 F.2d at 698, citing *Koch Refining*, 831 F.2d at 1346-50.

In review, we hold that the bankruptcy trustee had the exclusive right to bring an alter ego action on behalf of Aspling and the other creditors. We also hold that the trustee did not abandon this claim. Our holdings on the issues of standing and abandonment are determinative, rendering moot any discussion of the election of remedies and *res judicata*.

For the foregoing reasons, the judgment of the circuit court of Winnebago County is affirmed.

Affirmed.

DUNN and BOWMAN, JJ., concur.