*In re* PATERNITY OF VICTOR PAUL ROGERS III, a Minor (Victor P. Rogers II, Petitioner-Appellant, v. The People of the State of Illinois *ex rel.* Department of Public Aid *et al.*, Respondents-Appellees).

Second District   No. 3—97—0353

Opinion filed July 9, 1998.

Thomas W. Dillon and Michelle L. Adams, both of Connelly & Schroeder, of Geneva, for appellant.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and Karen J. Dimond, Assistant Attorney General, of counsel), for appellees.

JUSTICE HUTCHINSON delivered the opinion of the court:

On February 27, 1996, petitioner, Victor P. Rogers II (Victor), filed a petition in the Du Page County circuit court (Du Page court or trial court) pursuant to the Illinois Parentage Act of 1984 (the Parentage Act) (750 ILCS 45/1 et seq. (West 1996)) to establish the nonexistence of a parent-child relationship and to declare that Victor is not liable for child support. The petition named his former wife, Susan Rogers, n/k/a Susan Kratky (Susan), as respondent. The State appeared as a respondent on behalf of the Department of Public Aid (State) and filed a motion to strike and dismiss the petition pursuant to section 2—619 of the Code of Civil Procedure (the Code) (735 ILCS 5/2—619 (West 1996)) on the ground that Victor's action was barred by a prior judgment dissolving the marriage of the parties. After reconsidering its initial ruling to the contrary, the trial court dismissed Victor's petition on December 2, 1996, concluding that the principles of res judicata and, more particularly, collateral estoppel applied. On March 27, 1997, the trial court denied Victor's motion to reconsider, and this timely appeal followed. We affirm.

The record discloses that Victor Paul Rogers III (the child) was born to Susan on March 9, 1988. Four months later, on July 18, 1988, Victor and Susan were married. Two years later, on March 1, 1990, their marriage was dissolved by a judgment entered by the Cook County circuit court (the Cook court). Victor did not appear in the dissolution proceeding and was found in default. However, the Cook court made certain findings in entering the judgment of dissolution. First, the Cook court determined that Victor received due notice of the proceedings and the court was satisfied that all proper means had been taken to notify Victor of the pendency of the suit. The Cook court found, inter alia, that Victor Paul Rogers III was a child born to the parties, Victor and Susan; that Victor was unemployed and was living in Berwyn, Illinois; and that the parties were able to support themselves.

The Cook court granted custody of the child to Susan, granted Victor reasonable visitation privileges with the child, and ordered Victor to pay certain marital debts and to pay child support of 20% of his net weekly income or $25 per week (whichever was greater) through the clerk of the court pursuant to the county child support enforcement program. The Cook court expressly retained jurisdiction of the cause to enforce all the terms of the judgment of dissolution.

Nearly eight years after the child's birth, Victor petitioned the Du Page court to establish the nonexistence of the parent-child relationship between him and the child. In his petition, Victor alleged that, in June 1994 he obtained "knowledge of relevant facts" that he was

excluded as the biological father of the minor child through DNA testing technology. The purported result of this test by Genetic Design, Inc., is not found in the record, although it is referenced in the petition. At this point we note that an action to declare the nonexistence of the parent-child relationship is barred if brought later than two years after the petitioner obtains "knowledge of relevant facts." 750 ILCS 45/8(a)(3) (West 1996).

After the Du Page court dismissed his petition, Victor filed a motion to reconsider on January 2, 1997, in which he challenged the trial court's application of the principles of *res judicata* and collateral estoppel. He also alleged for the first time that the issue of paternity was not fully adjudicated on the merits during the dissolution proceeding because Susan "took deliberate steps to prevent" Victor from appearing in the dissolution proceeding. Victor alleged, though unsupported by specific facts or affidavits, that Susan verbally reassured him that the dissolution proceeding would be dismissed and that she intercepted legal notices directed to him regarding pending court dates prior to the entry of the final judgment.

In denying Victor's motion to reconsider, the trial court concluded that the issue of parentage could not again be relitigated under the Parentage Act as parentage in the dissolution proceeding was previously determined and that the matter was *res judicata*. The court further opined that the proper remedy would have been for Victor to pursue a section 2—1401 petition to amend the judgment in the original dissolution proceeding. See 735 ILCS 5/2—1401 (West 1996). The court also observed that Victor was no longer a "presumed" father who could bring the action under the Parentage Act because he was already found to be the father of the child and the rebuttable presumption of paternity no longer existed. See 750 ILCS 45/7(b) (West 1996).

On appeal, Victor argues that his paternity was not adjudicated on the merits in the prior default proceeding to dissolve his marriage and, thus, his petition to establish the nonexistence of a parent-child relationship should not be barred by the principles of *res judicata* or collateral estoppel. He asserts that he never had the opportunity to litigate the issue of paternity due to Susan's allegedly "fraudulent" conduct. Furthermore, he argues for the very first time, in a footnote to this claim, that Susan failed to file an affidavit that Victor was not on active military duty (although he now claims he was) pursuant to the provisions of the Soldiers' and Sailors' Civil Relief Act of 1940 (the Relief Act) (50 U.S.C.A. § 501 *et seq.* app. (West 1990)). Consequently, he claims that the Cook court did not have jurisdiction to enter the judgment and the judgment of dissolution was therefore void.

■ The purpose of a motion to dismiss pursuant to section 2—619

of the Code is to afford litigants a means to dispose of issues of law and easily proved issues of fact. *Zedella v. Gibson*, 165 Ill. 2d 181, 185 (1995). A dismissal is allowed when the claim asserted is barred by other affirmative matters that defeat the claim. 735 ILCS 5/2—619(a)(9) (West 1996). A section 2—619 motion to dismiss admits all well-pleaded facts as well as the reasonable inferences that may be drawn from those facts, and the motion should be granted if no genuine issue of material facts exists. *Aspling v. Ferrall*, 232 Ill. App. 3d 758, 761 (1992). The standard is similar to the one applicable to a summary judgment, and the court considers the pleadings, affidavits, and depositions when ruling on such a motion. *Aspling*, 232 Ill. App. 3d at 761. Absent an issue of material fact, the question on review is whether the dismissal was proper as a matter of law (*Zedella*, 165 Ill. 2d at 185-86), and this court employs a *de novo* standard of review (*Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116 (1993)).

Notwithstanding Victor's attempts to interject factual issues into this appeal, the essential and material facts in this case are undisputed. The central question before this court is a legal one: whether the trial court properly applied the principles of *res judicata* and collateral estoppel in granting respondent's motion to dismiss Victor's petition. We conclude that Victor is barred from relitigating the issue of paternity.

■ The doctrine of *res judicata* provides that a final judgment on the merits is conclusive as to the rights of the parties, constituting an absolute bar to a subsequent action involving the same claim, demand, or cause of action. *Rodgers v. St. Mary's Hospital*, 149 Ill. 2d 302, 311-12 (1992). When *res judicata* is established as a bar against the prosecution of a second action between the same parties upon the same claim or demand, it is conclusive not only as to every matter that was offered to sustain or defeat the claim or demand, but as to any other matter that might have been offered for that purpose. *Housing Authority v. Young Men's Christian Ass'n*, 101 Ill. 2d 246, 251-52 (1984). For the doctrine to apply, there must be (1) a final judgment on the merits rendered by a court of competent jurisdiction; (2) an identity of the causes of action; and (3) an identity of the parties or their privies. *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325, 335 (1996).

■ In determining whether causes of action are the same for *res judicata* purposes, one test is whether the evidence needed to sustain the second suit would have sustained the first or whether the same facts were essential to maintain both actions. *Rodgers*, 149 Ill. 2d at 312. A second test, the "transactional approach," is whether both suits arise from the same transaction, incident, or factual situation.

The assertion of different kinds or theories of relief still results in a single cause of action if a single group of operative facts gives rise to the assertion of relief. *Rodgers*, 149 Ill. 2d at 312.

■ The doctrine of collateral estoppel or estoppel by verdict, a branch of *res judicata*, is narrower in scope and prohibits the relitigation of an issue essential to and actually decided in an earlier proceeding by the same parties or their privies. Identity of party for the application of collateral estoppel is satisfied so long as the party against whom its application is sought is identical in both actions and had a full and fair opportunity to contest an issue which was necessarily determined in the prior proceeding. *Herriford v. Boyles*, 193 Ill. App. 3d 947, 953 (1990). Where the party against whom collateral estoppel is asserted has had a full and fair opportunity to contest an issue that was necessarily determined in the original proceeding, the defensive use of collateral estoppel may be applied to bar relitigation of the issue even where a default judgment has been entered provided no injustice results from the application of the doctrine. *Herriford*, 193 Ill. App. 3d at 953-54; *Coronet Insurance Co. v. Booker*, 158 Ill. App. 3d 466, 471 (1987).

■ In the present case, the three requirements of *res judicata* have been met. First, a final judgment on the merits was reached by the Cook court that dissolved the marriage of Victor and Susan in which the court found that the child was a child of the parties, ordered Victor to pay child support, and granted him visitation. Parentage was an issue raised and ruled upon in that proceeding, and a finding of paternity in a dissolution decree is a final judgment rendered by a court of competent jurisdiction. *In re Marriage of Klebs*, 196 Ill. App. 3d 472, 480 (1990). Thus, any party or privy to that proceeding may be barred from attempting to relitigate the issue of parentage. *Klebs*, 196 Ill. App. 3d at 480; see also *In re Marriage of Emerson*, 115 Ill. App. 3d 712, 715 (1983).

The same claim or cause of action is involved in both the dissolution proceeding and the parentage action because the same evidence or operative facts would sustain a finding of parentage whether in a dissolution proceeding or in a parentage action irrespective of the statutory ground or theory for the claim. See *Rein*, 172 Ill. 2d at 340. Undeniably, Victor and Susan were named as opposing parties in each of the proceedings; thus, the third requirement is met. The judgment of dissolution is binding as to them. We hasten to add, however, that we do not decide here whether the child is precluded from relitigating the issue of his parentage. See *Simcox v. Simcox*, 131 Ill. 2d 491, 496-97 (1989) (holding that children are not privies of their parents where they are not properly represented in dissolution proceedings,

and they are not bound by findings of paternity unless they are made parties to the proceedings); see also *In re Parentage of Rodgers*, 279 Ill. App. 3d 648 (1996).

The entry of a default judgment in the dissolution proceeding does not change the applicability of *res judicata* in this case. A default judgment is always *res judicata* as to the ultimate claim or demand presented by the complaint. *Housing Authority*, 101 Ill. 2d at 254; *Grisanzio v. Bilka*, 158 Ill. App. 3d 821, 827 (1987).

■ Collateral estoppel also bars Victor from relitigating the issue of parentage. Even assuming *arguendo* that a statutory parentage proceeding is not identical to a dissolution proceeding and all of the parties are not identical, the issue of parentage has been necessarily adjudicated and determined by a court of competent jurisdiction in the dissolution proceeding, and Victor was a party to each proceeding.

We also disagree with Victor's assertion that he was not provided a full and fair opportunity to contest the issue of parentage in the original proceeding, and we find no injustice in applying the doctrine of collateral estoppel in this case. See *Herriford*, 193 Ill. App. 3d at 953-54. The judgment of dissolution recites that Victor was properly notified of the proceeding and that he was living in Berwyn, Illinois, at the time. It appears that he chose not to appear in the proceeding and waited six more years to challenge the legality of the finding of parentage—when the child was nearly eight years old. We still have no satisfactory explanation for Victor's excessive delay in pursuing his legal remedies, nor are we informed why his suspicions about his paternity only surfaced in 1994 when he decided to undergo testing.

■ Victor's untimely and vague allegations that Susan "fraudulently" prevented him from appearing in the dissolution proceeding are not persuasive. This claim, made for the first time in a motion to reconsider the final judgment of dismissal in the parentage action, is both a belated and a transparent attempt to circumvent the requirements of a section 2—1401 petition (735 ILCS 5/2—1401 (West 1996)) to vacate or reopen the original judgment within the usual two-year limitations period. See *Ptaszek v. Michalik*, 238 Ill. App. 3d 72, 76 (1992) (after two-year period for filing petition, litigant must additionally establish that grounds for relief were fraudulently concealed to toll limitations period). The allowance of new matter in a motion to reconsider is subject to the trial court's discretion and should not be permitted without a reasonable explanation of why it was not made available at the time of the original hearing. *Taylor v. Peoples Gas Light & Coke Co.*, 275 Ill. App. 3d 655, 664 (1995); *In re Marriage of Davis*, 215 Ill. App. 3d 763, 776 (1991). Again, Victor has not offered a satisfactory explanation for his delay in raising this issue during the

parentage proceeding, and the trial court properly denied his motion to reconsider.

We also point out that fraud must be pleaded with specificity and proved by clear and convincing evidence. *International Meat Co. v. Bockos*, 157 Ill. App. 3d 810, 815 (1987). Specificity is lacking in this case. Victor failed to present specific allegations or supporting affidavits to establish that Susan knew he was not the father and intentionally misled him about that fact—a fact upon which he relied to his detriment. *Ptaszek*, 238 Ill. App. 3d at 77. Neither has he pleaded sufficiently specific facts, including references to particular times, dates, documents, and incidents, to support his vague claim that Susan improperly prevented him from appearing in the dissolution proceeding.

■ Finally, Victor raises for the first time on appeal a factual question regarding the alleged failure of Susan to comply with the provisions of the Relief Act, and he claims that the judgment of dissolution was therefore void. Here again, as in the trial court, Victor has engaged in belated and improper piecemeal litigation. It is improper practice to engage in piecemeal litigation—seeing one theory of the case to conclusion before proposing another. See *Powers v. National Mirror Works*, 52 Ill. App. 3d 592, 599 (1977). In any case, no support for this voidness claim exists in the record, and we deem it waived. A claim or question should not be considered for the first time on appeal, particularly where proof might have been offered in the trial court to refute it. *Sasser v. Alfred Benesch & Co.*, 216 Ill. App. 3d 445, 452 (1991) (issue of voidness of engineer's manual under statutory provision waived where raised for first time on appeal); *People v. Rodriguez*, 169 Ill. App. 3d 131, 138 (1988) (issue of voidness of custody order waived where raised for the first time on appeal).

We observe nevertheless that, although the purpose of the Relief Act is to protect persons in the military from having default judgments entered against them without their knowledge, the entry of such a judgment is not prevented when notice of the pendency of the action and adequate time and opportunity to appear and defend have been afforded. *Roqueplot v. Roqueplot*, 88 Ill. App. 3d 59, 61 (1980); accord *Fifth Third Bank of NW Ohio, N.A. v. Kuney*, 107 Ohio App. 3d 601, 669 N.E.2d 271 (1995). A member of the military must seek to set aside the judgment according to the terms and time limitations of the Relief Act and must show prejudice by reason of military service and a meritorious defense; a judgment entered in violation of the Relief Act is merely voidable and not void. *In re Custody of Nugent*, 955 P.2d 584 (Colo. Ct. App. 1997); *Krumme v. Krumme*, 6 Kan. App. 2d 939, 636 P.2d 814 (1981); see *Scheidegg v. Department of Air Force*, 715 F. Supp.

758

11, 14 (D.N.H. 1989) (judgment is merely voidable and subject to attack only in court that rendered judgment).

We conclude, as did the trial court, that Victor is bound by the judgment of the Cook court on the grounds of *res judicata* and collateral estoppel. Victor has failed to establish a sufficient legal basis to vitiate that conclusion. The Du Page court's decision to dismiss his parentage petition was proper as a matter of law, and that court did not abuse its discretion in denying Victor's motion to reconsider.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

INGLIS and COLWELL, JJ., concur.