# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

No. 98-30205
Summary Calendar

---

In the Matter of: GREGORY JAMES CATON,

Debtor.

GREGORY JAMES CATON,

Appellant,

versus

KEVIN TRUDEAU,

Appellee.

---

Appeal from the United States District Court
for the Western District of Louisiana

October 26, 1998

Before POLITZ, Chief Judge, STEWART and PARKER, Circuit Judges.

POLITZ, Chief Judge:

Gregory James Caton appeals the district court's affirmance of the bankruptcy court's application of collateral estoppel to an Illinois state court default judgment in its determination that said judgment was nondischargeable under 11 U.S.C. § 523(a)(6). For the reasons assigned, we affirm.

## BACKGROUND

In January 1996, Kevin Trudeau filed a libel suit against Caton in Illinois state court based on statements Caton made in a book and on an Internet website. Caton removed the action to federal court, but on Trudeau's motion, the action was remanded. Thereafter, Caton failed to respond to Trudeau's claims and the court entered a default and noticed an evidentiary hearing. On June 5, 1996, after a hearing, the court rendered a default judgment against Caton, awarding Trudeau $5 million in compensatory damages and $5 million in punitive damages.

In November 1996, Caton filed for relief under Chapter 7 of the Bankruptcy Code. Trudeau filed a complaint therein, seeking to have the Illinois default judgment declared nondischargeable under section 523(a)(6). Trudeau then moved for summary judgment, contending that the Illinois judgment for libel *per se* established a nondischargeable debt for willful and malicious injury under section 523(a)(6) and further contending that collateral estoppel applied to prevent relitigation of this issue. Caton responded that collateral estoppel did not apply and that the claims supporting the Illinois judgment should be litigated in the bankruptcy court. The bankruptcy court applied collateral estoppel, determined that the Illinois judgment was nondischargeable under section 523(a)(6), and granted Trudeau's summary judgment motion. The district court affirmed; Caton

2

timely appealed.

## ANALYSIS

Collateral estoppel applies in bankruptcy dischargeability proceedings, but the bankruptcy court retains exclusive jurisdiction to determine whether a debt is dischargeable.[1] A bankruptcy court's decision to give preclusive effect to a state court judgment is a question of law that we review *de novo*.[2] Because the judgment in question was entered by an Illinois state court, we apply Illinois rules of preclusion.[3]

Under Illinois law collateral estoppel applies when: (1) the issue decided in the prior adjudication is identical with the one presented in the pending suit; (2) the party against whom collateral estoppel is asserted was a party or in privity with a party therein; (3) there was a final judgment on the merits; and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit.[4] The existence of these elements is not disputed. Rather, Caton contends that collateral estoppel does not apply to default judgments and that

---

[1] **Grogan v. Garner**, 498 U.S. 279 (1991).

[2] **In re Schwager**, 121 F.3d 177 (5th Cir. 1997).

[3] **In re Pancake**, 106 F.3d 1242 (5th Cir. 1997).

[4] **Talarico v. Dunlap**, 685 N.E.2d 325 (Ill. 1997).

the state court record presented fails to provide a sufficient basis to support reliance on the judgment.

The Illinois Supreme Court has not yet determined whether default judgments are entitled to the same preclusive effect under the doctrine of collateral estoppel as any other judgment, but it has noted that there is a split of authority on the issue with some courts giving default judgments limited preclusive effect.[5] An Illinois appellate court, however, recently has held that collateral estoppel may be applied to a default judgment provided no injustice results from the application.[6] This very recent pronouncement forecloses Caton's contention, and we thus must conclude that the doctrine of collateral estoppel may be applied to default judgments under Illinois law.[7]

For collateral estoppel to apply, a party must have had a full and fair

---

[5] **Housing Authority for La Salle County v. YMCA of Ottawa**, 461 N.E.2d 959 (Ill. 1984). **See also In re Asbury**, 195 B.R. 412 (Bankr. E.D. Mo. 1996) (setting forth split of authority on issue when analyzing Illinois law).

[6] **Paternity of Rogers**, No. 97-353, 1998 WL 381587 (Ill. App. Ct. July 9, 1998). **See also Grisanzio v. Bilka**, 511 N.E.2d 762 (Ill. App. Ct. 1987).

[7] We note that the majority of the cases relied on by Caton apply federal rules of collateral estoppel and, thus, are distinguishable. To any extent otherwise, we find the cases unpersuasive, especially given the recent determination of this issue by an Illinois state court. **See In re Dempster**, 182 B.R. 790 (Bankr. N.D. Ill. 1995); **In re Dvorak**, 118 B.R. 619 (Bankr. N.D. Ill. 1990); **In re Martinez**, 110 B.R. 353 (Bankr. N.D. Ill. 1990); **In re Leigh**, 165 B.R. 203 (Bankr. N.D. Ill. 1993); **In re Cunningham**, 59 B.R. 743 (Bankr. N.D. Ill. 1986).

opportunity to litigate the issue in the prior action and there must be no undue unfairness to the party estopped.[8] Caton clearly had a full and fair opportunity to contest the issue in the state proceeding, and we find no injustice in applying the doctrine of collateral estoppel in this case. Caton was properly notified of the proceeding and, in fact, filed a notice of removal therein. After remand, however, Caton chose not to appear in the proceeding further, even though Trudeau sought actual and punitive damages in excess of $10 million for libel *per se*. Under these circumstances, it cannot be disputed that Caton had an opportunity to litigate. Caton does not contest that he received notice of the default, as well as the subsequent evidentiary hearing, and he provides no explanation for his failure to pursue his legal remedies after the remand.

Caton further contends that the bankruptcy court cannot rely on the Illinois default judgment because the state record presented is insufficient to support the judgment. He asserts that the facts supporting the judgment are not discernible from the record presented and, thus, dischargeability cannot be determined therefrom. In reviewing the application of collateral estoppel under Texas law, we have articulated the standard upon which Caton relies; that the record reflect the finding made and the supporting facts so that the bankruptcy court may determine

---

[8] **Rogers**, 1998 WL 381587; **Talarico**, 685 N.E.2d 325.

that the pertinent issue was litigated and decided.[9] We have never required, however, that a full state court record be presented.[10] We only require that the record introduced have sufficient detail to allow the use of collateral estoppel.[11] Such has been established in the case at bar.

The state record before us contains Trudeau's complaint wherein he alleges two counts of libel *per se*. The complaint details the particular words alleged to be libelous and incorporates by reference the attached publications in question. Trudeau also alleges in the complaint that (1) "the statements are false"; (2) the statements "were made maliciously and intentionally with full knowledge of their falsity or in complete and reckless disregard of their truth or falsity, for the purpose of injuring and destroying Trudeau's personal and professional reputation"; (3) the statements "impute the commission of a criminal offense to Trudeau, impute the inability to perform or want of integrity in the discharge of Trudeau's duties of employment and prejudice Trudeau in his business and occupation"; and (4) Caton "acted with actual malice." Such factual allegations are sufficient to support a

---

[9] **Pancake**, 106 F.3d 1242; **In re King**, 103 F.3d 17 (5th Cir. 1997); **In re Poston**, 735 F.2d 866 (5th Cir. 1984); **In re Allman**, 735 F.2d 863 (5th Cir. 1984); **In re Shuler**, 722 F.2d 1253 (5th Cir. 1984).

[10] **King**, 103 F.3d 17; **In re Davis**, 3 F.3d 113 (5th Cir. 1993).

[11] **Id.**

cause of action for libel *per se* under Illinois law.[12]

Under Illinois law, by failing to plead Caton admits by default the factual allegations contained in the complaint.[13] The default judgment must rest upon the allegations of the petition.[14] Thus, because the factual allegations are deemed admitted and the default judgment necessarily rests thereon, we are able to determine conclusively the issue decided by the court when rendering the default judgment. The judgment provides that after hearing the case on "prove-up" at which Trudeau testified, Trudeau is awarded $5 million in compensatory damages and $5 million in punitive damages.[15] Libel being the only cause at issue, and punitive damages requiring allegations of outrageous conduct or acts perpetrated by evil motive or with reckless indifference to the rights of others,[16] the state court necessarily determined these issues by rendering the judgment. No additional record support is required under Illinois law.

---

[12] **See Geick v. Kay**, 603 N.E.2d 121 (Ill. App. Ct. 1992).

[13] **People v. $1,124,905 U.S. Currency and One 1988 Chevrolet Astro Van**, 685 N.E.2d 1370 (Ill. 1997).

[14] **See Richards v. Davis**, 185 N.E. 586 (Ill. 1933).

[15] It is worth noting that this is a sum less than the amount Trudeau sought in his complaint.

[16] **See Guice v. Sentinel Technologies, Inc.**, 689 N.E.2d 355 (Ill. App. Ct. 1997).

Having determined that collateral estoppel applies under Illinois law, we turn to the dischargeability inquiry. Section 523(a)(6) provides that a debt for "willful or malicious injury" by the debtor is nondischargeable.[17] We have defined "willful and malicious" to mean "without just cause or excuse."[18] "Willful means intentional and malicious adds the absence of just cause or excuse."[19] There can be no question, and Caton does not dispute, that a judgment for libel under Illinois law, and a corresponding award of punitive damages, encompasses intentional conduct undertaken without just cause or excuse, precluding discharge under section 523(a)(6). Accordingly, we find no error in the determination by the courts *à quo* that the Illinois default judgment had collateral estoppel effect as to section 523(a)(6) dischargeability.

The judgment appealed is AFFIRMED.

---

[17] 11 U.S.C. § 523(a)(6).

[18] **In re Garner**, 56 F.3d 677 (5th Cir. 1995).

[19] **Id.** at 681.