PREFERRED AMERICA INSURANCE, a/k/a Ansvar America Insurance Company, Plaintiff-Appellant, v. LINDA DULCEAK, Defendant-Appellee.

Second District No. 2—98—0232

Opinion filed February 5, 1999.

Scott R. Britton, of Brenner & Moltzen, Ltd., of Chicago, for appellant.

Michael W. Clancy and Nancie Golnick Dorjath, both of Clancy, Higgins & Clancy, Ltd., of St. Charles, for appellee.

JUSTICE COLWELL delivered the opinion of the court:
Plaintiff, Preferred America Insurance, a/k/a Ansvar America In-

surance Company (Preferred), filed a complaint for declaratory judgment against defendant, Linda Dulceak (defendant or claimant). The complaint sought to have the circuit court determine whether the judgment entered in a prior, related negligence case, Dulceak v. Cetlinski (No. 94—L—0421) (prior case), should collaterally estop plaintiff from asserting any liability defense during the arbitration of the present case in which claimant has now brought an uninsured motorist claim against plaintiff's insured, George Dulceak. In the prior case, a jury found George 100% liable for the accident in question. Plaintiff prayed that it be allowed to relitigate all issues concerning liability in the present uninsured motorist (arbitration) proceeding and to raise any appropriate defenses as though no prior trial had taken place.

The parties filed cross-motions for summary judgment. On February 2, 1998, the trial court entered summary judgment in favor of defendant and against plaintiff. The court determined that the arbitration of the present claim must be limited to the issue of the nature and the extent of claimant's damages. The thrust of plaintiff's arguments on appeal is that (1) the trial court erred in allowing the claimant to invoke the doctrine of offensive collateral estoppel against plaintiff; (2) plaintiff was not a party or in privity with a party in the prior case where its insured was found to be 100% liable; and (3) it would be unfair to apply offensive collateral estoppel in this case. We disagree, and we affirm.

Preferred issued a policy of insurance to George J. Dulceak under its former designation, Ansvar America Insurance Company, a member of the Preferred Risk Group. On October 15, 1993, there was a collision at a Kane County intersection involving cars driven by George and by Jennifer Cetlinski respectively. George's spouse, Linda Dulceak, a passenger in the car driven by George, alleged that she was injured as a result of the accident.

According to plaintiff's admissions in the record, Linda filed a lawsuit against Cetlinski (No. 94—L—0421) to recover for her injuries. Cetlinski filed a counterclaim and contribution claim against George, alleging that he was at fault. George tendered the defense of the issues to Preferred, which then hired counsel (Brittain & Ketcham, P.C.) to defend George in that action. Pursuant to its obligations under the policy, Preferred paid George's defense counsel for their services in defending George at trial. The jury found that Cetlinski was not at fault in the accident and that George was 100% negligent in causing the accident. Linda did not recover damages in that suit. No appeal was taken from that judgment. At no time, from the time Preferred received notice of the accident until the time that judgment was entered upon the jury's verdict, did Preferred send George any corre-

spondence or writing by which it informed George that Preferred was providing him a defense pursuant to a reservation of rights or a nonwaiver agreement. Although it appears that Preferred was not a named party to the prior suit, it defended its insured by obtaining counsel and defense counsel sought to show that Cetlinski, not George, was at fault. Preferred states that, as George was a "family member" under its policy, he would not be covered under that policy as to a claim by his spouse. Therefore, he is deemed an "uninsured motorist" as to any claims by his wife.

Linda filed a claim against George under the uninsured motorist provisions of George's policy for injuries she allegedly sustained as a result of the automobile accident in October 1993. Plaintiff filed the present complaint for declaratory judgment, asserting that, since it was not a named party to the Cetlinski action, the parties in the matter pending under the uninsured motorist arbitration clause are not the same; therefore, the judgment in the prior case should not operate as collateral estoppel to bar plaintiff from fully litigating all issues concerning liability, and it should be allowed to raise any appropriate defenses at the arbitration proceeding as though no trial had taken place. The trial court entered judgment against Preferred and for Linda, after concluding that Preferred was in privity with George, its insured, and that its interests were protected in the prior trial. Implicit in the court's conclusion was that the judgment in the prior case collaterally estopped plaintiff from relitigating the issue of liability. This timely appeal followed.

■ The question before this court is whether the trial court properly granted summary judgment to defendant and against plaintiff as a matter of law. We review the trial court's decision *de novo*. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102 (1992). A motion for summary judgment should be granted only when the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Purtill v. Hess*, 111 Ill. 2d 229, 240 (1986). Here, the essential and material facts are undisputed. The question presented is a legal one: whether the trial court properly applied the doctrine of collateral estoppel under the facts presented. See *In re Paternity of Rogers*, 297 Ill. App. 3d 750, 754 (1998).

■ The doctrine of collateral estoppel or estoppel by verdict, a branch of *res judicata*, prohibits the relitigation of an issue essential to and actually decided in an earlier proceeding by the same parties or their privies. *Rogers*, 297 Ill. App. 3d at 755. The basic theory behind the use of the doctrine is that, if two parties undergo a full and fair

trial that results in a final judgment, neither party may seek a different result upon the same facts and issues in a subsequent lawsuit. *Kessinger v. Grefco, Inc.*, 173 Ill. 2d 447, 460 (1996). The doctrine is founded upon the need for the finality of judgments. When some specific fact or question has been directly in issue and decided upon and the same fact or question is again put into issue by the same parties or their privies, the former adjudication is conclusive on the parties whether or not the cause of action is the same; further, the parties need not have been arrayed on opposite sides in the prior suit, nor must formal issues have been raised between them. *Pechous v. Field Enterprises, Inc.*, 114 Ill. App. 3d 605, 608 (1983). When properly applied, collateral estoppel promotes fairness and judicial economy by preventing the relitigation in one suit of an identical issue already resolved against the party against whom the bar is sought. *Kessinger*, 173 Ill. 2d at 460.

■ The "offensive" use of collateral estoppel occurs when a plaintiff seeks to foreclose a defendant from litigating an issue the defendant has previously litigated unsuccessfully in another action. *In re Owens*, 125 Ill. 2d 390, 397 (1988). (In this case, Linda, as the claimant, would stand in the position of the plaintiff.) We recognize that our supreme court has cautioned against the indiscriminate application of offensive collateral estoppel where there is no mutuality of parties, but we also note that the mutuality of parties is no longer required. *Kessinger*, 173 Ill. 2d at 461. Where the minimum elements of the doctrine are satisfied and it is clear that no unfairness will result to the party being estopped, the circuit court may properly conclude that a prior adjudication precludes the relitigation of an issue in the case before it. *Kessinger*, 173 Ill. 2d at 461, 468. To apply the doctrine, these elements must be satisfied: "(1) the issue decided in the prior suit is identical with the one presented in the pending suit; (2) there was a final judgment on the merits in the prior adjudication; and (3) the party against whom the estoppel is asserted was either a party or *in privity with a party in the prior lawsuit.*" (Emphasis added.) *Kessinger*, 173 Ill. 2d at 461.

It appears that plaintiff was not a named "party" in the prior action. However, plaintiff argues that, in the prior suit, it was also not in privity with a party (George) who adequately represented the same legal interest. See *People ex rel. Burris v. Progressive Land Developers, Inc.*, 151 Ill. 2d 285, 296 (1992) (privity is said to exist between parties who adequately represent the same legal interests). Plaintiff suggests that there was a *potential* conflict of interest between itself and George, its insured. Plaintiff argues that it could very well have been in George's interest to assume 100% liability for the accident and as-

serts that counsel's primary responsibility was to defend the interest of the insured, not the insurer.

To the extent that we can follow plaintiff's rather disingenuous and strained argument, we find it both untenable and unsupported by the record. We discern no conflict of interest, potential or actual, between plaintiff and George in the prior lawsuit. It is clear from the record that plaintiff chose George's defense counsel, who vigorously sought to show, albeit unsuccessfully, that George was not liable—a desirable outcome for and in the interest of the insurer.

It is undisputed that George was adjudicated 100% liable for the accident and this resulted in the entry of a final judgment on the merits. The first two requirements of collateral estoppel have been met. Since it appears that plaintiff was not a named party in the prior suit, the only threshold element left to be satisfied is whether plaintiff was a "privy" of George.

■ We conclude that plaintiff was in privity with George and that plaintiff is estopped from relitigating any issue or defense with respect to George's liability. It is well settled that the assumption of the insured's defense constitutes a waiver by the insurer of all questions of policy coverage. *Apex Mutual Insurance Co. v. Christner*, 99 Ill. App. 2d 153, 161 (1968). Absent a clearly communicated reservation of rights by the insurer, if the insurer elects to take over the insured's defense, it will afterwards be estopped, under the equitable doctrine of estoppel *in pais*, from denying its own liability under the policy; this is ordinarily justified because the insurer has prejudiced the insured's right to control his own defense. *Apex*, 99 Ill. App. 2d at 161-62 (estoppel *in pais* operates as the result of the insurer's monopolization of the insured's defense, since the insured, in reliance thereon, refrains from seeking other counsel); see *Cowan v. Insurance Co. of North America*, 22 Ill. App. 3d 883, 890-91 (1974) (distinguishing between equitable estoppel *in pais* arising from breach of insurer's contract and collateral estoppel or estoppel by verdict arising from prior adjudication involving parties or their privies). Where the insurer has the duty to defend, that duty includes the right to assume control of the litigation; the purpose of that right is to allow insurers to protect their financial interests in the outcome of the litigation and minimize unwarranted liability claims. *Waste Management, Inc. v. International Surplus Lines Insurance Co.*, 144 Ill. 2d 178, 203 (1991).

■ Insureds and insurers share a special relationship: they are in privity of contract. *Waste Management*, 144 Ill. 2d at 194. When the insurer retains the attorney to defend the insured, the attorney represents both the insured and the insurer in furthering the interests of each. *Waste Management*, 144 Ill. 2d at 194. Ordinarily, since the

interests of the insurer and the insured are harmonious, there is no conflict and the attorney is able to exercise independent judgment for both clients. If a conflict does arise, the attorney is ethically prohibited from continuing to represent the interests of both the insured and the insurer unless certain steps are taken, which include making full and frank disclosure to the clients and obtaining their consent to continue their representation. *Rogers v. Robson, Masters, Ryan, Brumund & Belom*, 74 Ill. App. 3d 467, 473 (1979).

In the present case, there is no reservation of rights or nonwaiver agreement or question of policy coverage by the insurer, and the insurer undertook the defense of its insured. There is no evidence of noncooperation or misconduct by the insured. We have not been informed by plaintiff or by the record that any such conflicts between the insurer and the insured occurred. Thus, it appears that their legal interests are essentially identical.

The nonliability of the insured is potentially the most effective bar to any policy claims against the insurer. That is what Preferred undertook to show in defending its insured. Plaintiff has not demonstrated how it was wrongly prejudiced in the first suit or was prevented from presenting its defense. Where the possibility exists of making a successful defense on behalf of the insured, the insurer has much to gain from placing its first reliance upon this line of action, since, by declining to defend, it would sacrifice all opportunity to contest the injured party's claim because of the likely operation of collateral estoppel. See *Apex*, 99 Ill. App. 2d at 161-62.

■ Where one party is liable to indemnify another against a particular loss, either by law or contract, the primary liability is upon the party indemnifying. In such a case, the party bound to indemnify is in privity with the party to be indemnified, and the indemnifying party therefore has a direct interest in defending any suit whereby there may be a recovery against the party indemnified as to the subject matter of the indemnity. *Sanitary District of Chicago v. United States Fidelity & Guaranty Co.*, 392 Ill. 602, 612 (1946); *Drennan v. Bunn*, 124 Ill. 175, 188 (1888). "The party to be indemnified, moreover, is, manifestly, directly interested in having him defeat all recovery in such suit, and so their respective interests and duties in respect of such suit must be the same." *Drennan*, 124 Ill. at 188. Thus, "[w]here the party indemnifying has proper notice of the pendency of the action he is bound by his obligation to indemnify to defend, and is bound by the judgment entered the same as if he were a party to the cause." *Sanitary District*, 392 Ill. at 612.

■ An insurer that defends an action for negligence within the policy coverage against its insured cannot claim, after an adverse judg-

ment against the insured, that it is not bound by the prior adjudication when the question in both the original suit and the subsequent suit against the insurer is the negligence of the insured. *Cowan*, 22 Ill. App. 3d at 891. We recognize, however, that the reason for this rule does not exist when there is no identity of interests between the insured and the insurer in the original tort action (*Cowan*, 22 Ill. App. 3d at 891), but that is not the case here.

■ Despite plaintiff's speculation that there may be a potential conflict of interest between it and its insured, we fail to see any actual conflict supported by the record which would obviate the insured's claim of privity. Plaintiff is collaterally estopped from relitigating the issue of its insured's liability. Plaintiff undertook the defense of its insured with respect to the issue of his liability and did not affirmatively reserve its rights in any manner or demonstrate an actual conflict of interest.

Plaintiff had notice of the prior action and, like its insured, had the incentive and opportunity to resist, through its choice of counsel and direction of the defense of the action, any finding of liability whatsoever. Regardless of the ground for invoking the estoppel against plaintiff, whether through estoppel *in pais* or collateral estoppel, plaintiff should not be permitted to relitigate the issue of liability. We find no unfairness or injustice in estopping plaintiff from doing so under the facts presented. If plaintiff is allowed to try the issue of liability before two different triers of fact, the mischievous consequences of inconsistent judgments become apparent. See, *e.g., United States Gypsum Co. v. Admiral Insurance Co.*, 268 Ill. App. 3d 598, 624-25 (1994) (unnecessary, duplicative proceedings; placing insured in a conflict situation with the potential for raising charges of perjury against insured).

As defendant points out, the reasons for estopping plaintiff are not difficult to see. Having failed to persuade a jury that the accident was Cetlinski's fault, plaintiff now seeks to relitigate this before the arbitration panel. This exposes Linda to the risk that the arbitration panel might disagree with the jury and assign some or all of the blame for the accident to Cetlinski. Linda could then be prevented from recovering for some or all of her loss because two separate finders of fact judged the same facts differently. It would be unfair to Linda, a passenger, to recover either nothing or a reduced amount because plaintiff was allowed to present the same factual argument to two different audiences in the hope of obtaining a different result. We see no reason to allow plaintiff another bite of the apple.

998

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

THOMAS and RAPP, JJ., concur.